## THE STATE *v*. W. A. CROCKETT.

## (*Jackson,* April Term, 1917.)

1. **FALSE PRETENSES. Indictment and information. Requisites.**

Under Laws 1915, chapter 178, making it unlawful for any person to obtain money or other property or credit by check, draft, or order which is not paid by drawee unless payment is made by drawer within seven days after written notice of nonpayment, an indictment for obtaining money and credit on board bill by means of a check of which defendant was the maker was insufficient, where it failed to allege that the check was presented to the bank and that the seven days' notice of nonpayment prescribed by the act had been given defendant. (*Post, p. 682.*)

2. **INDICTMENT AND INFORMATION. In language of statute. Insufficient.**

Where the language of a statute is so general that the necessary circumstances to make out a *prima facie* crime do not appear, these must be averred in addition to language of statute.

Cases cited and approved: State v. Barton, 22 Tenn., 13; Bradford v. State, 22 Tenn., 370. Hall v. State, 43 Tenn., 128; State v. Ladd, 32 Tenn., 226; Cornell v. State, 66 Tenn., 520.

3. **STATUTES. Construction. Supplying omissions.**

Where it is obvious from the caption that certain words were intended to be used in a statute, the court will in construing the statute supplying the missing words. (*Post, p. 682.*)

Case cited and approved: Wright v. Cunningham, 115 Tenn., 445.

4. **FALSE PRETENSES. Elements of offense. Statute.**

The constituents of the statutory offense of obtaining money, property, or credit by check or draft, which is not paid, are: (1) Issuing check with fraudulent intent; (2) obtaining money or credit thereon; (3) failure of drawee to pay check after demand; and (4) subsequent failure of drawer to pay after seven days' written notice. (*Post, pp. 683, 684.*)

State v. Crockett.

FROM HENRY.

Appeal from the Circuit Court of Henry County.— THOS. E. HAMMOND, Judge.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

LEWIS & BRYANT, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The question to be determined in this case arises on a motion to quash an indictment, which, omitting the formal parts, reads:

"That W. A. Crockett, late of said county, laborer, heretofore, to wit, on the ―― day of ――――, A. D. 19―, in the county of Henry aforesaid, then and there unlawfully and with fraudulent intent obtained five dollars in money and credit on board bill by means of a check of which he was the maker, and payable to W. F. Hill, and said check was not paid by the bank on which it was drawn and which check is in words and figures as follows:

" 'Big Sandy, Tenn., July 16, 1915. No. ――.

" 'The Farmers' Bank, pay to the order of W. F. Hill $5.00, five dollars for

" 'W. A. CROCKETT.'

State v. Crockett.

"Against the peace and dignity of the State."

The caption of the act and the first section on which the indictment was based (Laws 1915, c. 178) are as follows:

"A bill to be entitled, 'An act making it unlawful for any person to obtain money or other property or credit by check, draft or order which is not paid by the drawee; and where the same is not refunded or restored by such person on written demand mailed to his last known address; and making the fact of such person not having on deposit with the drawee such money or other property *prima-facie* evidence of said fraudulent intent.'

"Sec. 1. Be it enacted by the General Assembly of the State of Tennessee, that any person who shall obtain, with fraudulent intent, money or other property which may be (the) subject of larceny, or who shall obtain credit with like intent, by means of a check, draft or order, of which he is the maker or drawer, which is not paid by the drawee, shall be guilty of a misdemeanor if the amount or value is thirty dollars or less, if the amount or value is more than thirty dollars he shall be guilty and punishable as in the case of larceny, of such money or other property, or of anything of value obtained on such credit; unless payment of such check, draft or order after giving seven days' written notice mailed to the drawer's last known address, and the fact that such maker or drawer did not have on deposit or to his credit with

the bank, person, firm or corporation upon which such check, draft or order is drawn sufficient funds to pay the same when presented, unless such check or draft is paid or accepted when presented, shall be *prima-facie* evidence of fraudulent intent.''

Among the grounds for the motion, to quash, there are two which we think are meritorious: One, that the indictment does not charge that the check was presented to the bank; and, the other, that it does not allege that the seven days' written notice by mail prescribed by the act had been given the defendant, and that he had failed to pay the check within that time.

It is quite obvious that the first objection is sound, since, in order to put the defendant in the wrong, it is necessary that it should appear that the check was not cashed after demand made; otherwise, there might be a criminal liability raised by the mere fact that the bank had not paid the check when no opportunity had been afforded for its payment. Ordinarily, when an offense is created by statute, it is sufficient to make the averments of the indictment in the language of the statute. *State* v. *Barton,* 3 Humph., 13. But sometimes that language is so general that the necessary circumstances to make a *prima-facie* case of criminal liability must be averred in addition. *Bradford* v. *State,* 3 Humph., 370, 371; *Hall* v. *State,* 3 Cold., 128; *State* v. *Ladd,* 2 Swan, 226, 229; *Cornell* v. *State,* 7 Baxt., 520.

State v. Crockett.

Preliminary to a consideration of the next objection, it is proper to note that certain words, although necessarily implied, are omitted from the language of the act in question. In order to make this part of the statute read sensibly, it is necessary, after the word "payment," to insert the words "shall be made," so as to make the clause read:

"Unless payment shall be made of such check, draft, or order after giving seven days' written notice mailed to the drawer's last known address."

It is obvious from the caption that these words were intended to be used, and they were omitted merely by oversight in drawing the act, or in its engrossing. 'As to the right to add such necessarily implied words, see Wright v. Cunningham, 115 Tenn., 445, 91 S. W., 293.

After thus showing the true meaning of the act, it is apparent that the failure to pay on such notice is an essential condition of guilt, and that this failure should have been averred in the indictment. The constituents of the offense, as set forth in the statute, are the issuance of the check, draft, or order with fraudulent intent, the obtainment of money or credit thereon, the failure of the drawee to pay the check after demand made, and the subsequent failure of the person issuing the check to pay it after the seven days' written notice shall have been mailed to him. The statute provides that, after the issuance of such a check and the failure of the drawee to pay

it after demand made, the accused "shall be guilty" of a misdemeanor or felony as the case may be, "unless payment, shall be made of such check, draft, or order," after the seven days' notice, etc. It is perceived that this failure to pay after notice is an essential element of the crime.

It results that there is no error in the judgment of the trial court quashing the indictment, and the judgment must be affirmed, with costs.