### E. J. VAUGHN v. S. E. LEE, et al.

Court En Banc. May 28, 1925.

No petition for Certiorari was filed.

1. **Appeal and error. Assignment of error must be specific.**
An assignment of error that, "the court erred in rendering a judgment against appellant," or that "the court erred in overruling the demurrer" are too general, and will not be considered by the appellate court.

2. **Bills and notes. Fraudulent representations as to consideration.**
Where maker's son-in-law was under arrest for writing bad checks and Sheriff told him the son-in-law would be released if checks were taken up and when maker asked amount of checks an open account for $78.00 was added in and note was given for that amount, held to amount to a material misrepresentation and the note was without consideration.

3. **Bills and notes. Note executed under duress is void in law.**
Where son-in-law was under arrest and father-in-law executed note as he thought to keep son-in-law from going to penitentiary, held to amount to duress in law and is such as to avoid the note.

4. **Bills and notes. Compounding a felony. Note not void as given in compounding a felony unless a felony has really been committed.**
Where a note was given to take up bad checks on consideration that the criminal charge filed would be dismissed, but the party was not guilty of violating the bad check law, held parties not guilty of compounding a felony under Section 6690-2, Shannon's Code.

5. **Bills and notes. There is no consideration and a note is void where it is secured under threat to charge another with a crime or do him injury.**
Shannon's Code Section 6474 makes it a crime to threaten to charge another with crime or do him injury and a note secured by so threatening another is without consideration and void.

**6. Bills and notes. Violation of statute.**

A note executed in violation of a penal statute is void.

Appeal from Chancery Court, Roane County; Hon. J. H. Wallace, Chancellor.

Reversed and bill dismissed.

J. W. Stone of Harriman, for appellants.

W. Y. Boswell, of Oakdale, for appellee.

CROWNOVER, J. This was a suit instituted in the Chancery Court of Roane County for the collection of a note of $176.17 executed by the defendants to the complainant. The bill alleged that the note was past due and unpaid, and prayed for the issuance and service of process, and for a decree for the amount of the note, interest and attorneys' fees, less credits.

All of the defendants filed separate answers to the bill. The defendant, S. E. Lee, answered and denied that he was indebted to the complainant in the amount alleged in the bill, or in any amount. He denied that complainant was entitled to a decree against him for the note and interest thereon, and alleged that his signature to said note was obtained through coercion and by false and fraudulent representations made by the complainant and his agent, and that he was induced to sign said note by a false and malicious prosecution of a son-in-law, defendant C. R. Mitchell, in that said Mitchell had been arrested on a charge of passing worthless checks, which prosecution was false and fraudulent, he not being guilty of any crime; that after Mitchell had been arrested and carried to Livingston, that the complainant and his agents represented to this defendant that the amount of the worthless checks was $176.17, for which amount this defendant was induced to sign a note in order to stop the prosecution, whereas a part of said amount was an open account for which no checks had been issued, and that he was thus fraudulently induced to sign said note, and that there was no consideration moving to this defendant for the execution of said note.

Defendant, Joel Isham, filed an answer alleging that he had signed said note at the request of defendant, S. E. Lee, and as surety for said Lee, and that he was induced to sign said note through false and fraudulent representations and coercion, and that, therefore, the note was void and should be cancelled for the reasons set out above in the answer of defendant, Lee.

The defendant, Robert E. Lee, who had signed said note answered that he was a minor at the time said note was executed.

The defendant, C. R. Mitchell, answered that he had signed said note while under arrest, and that said note was obtained through

false and fraudulent prosecution of the defendant and was void for that reason.

Several depositions were taken and read to the Chancellor at the trial, and during the progress of the trial, the complainant moved the court to be allowed to amend his original bill so as to sue on behalf of himself, and also on behalf of Fleming and Myers, a copartnership composed of Jesse Fleming and James Myers.

During the progress of the trial the defendants S. E. Lee and Joel Isham were permitted to amend their answers so as to plead that said note was executed in settlement of the criminal prosecution against C. R. Mitchell, and that said settlement was the compounding of a felony, and that the said note was therefore, void and unenforceable.

The Chancellor dismissed the bill as to the defendant Robert E. Lee, on account of his minority, but rendered a decree against the other three defendants for the sum of $204.60, together with the costs of the cause.

The defendants, S. E. Lee and Joel Isham, excepted to said decree and appealed to this court, and have assigned the following errors:

"(1)    The Chancellor erred in rendering judgment against the appellants, S. E. Lee and Joel Isham on said note.

"(2)    The Chancellor erred in not holding that this note was procured from the appellants S. E. Lee and Joel Isham by fraud, and through false and fraudulent representations made by the complainant and the Sheriff of Overton County acting for him as his agent, and was without consideration and therefore, void.

"(3)    The Chancellor erred in failing to hold that this note was secured from the appellants S. E. Lee and Joel Isham, in settlement of a criminal prosecution against C. R. Mitchell, in which Mitchell was charged with a felony, and that the securing of this note in that way it was secured, amounted to the compounding of a felony on the part of complainant, and that said note was therefore, void."

The defendant, C. R. Mitchell, had been living in Livingston during the summer of 1921, and he had been buying goods from Vaughn Brothers, merchants at Livingston, and on April 30, he gave them two checks for $20.00 each, one dated May 7, 1921, and the other May 14, 1921, signed by himself and payable to the order of Vaughn Brothers, drawn on the Farmers Bank of Livingston, Tennessee.

About this time Mitchell bought a suit of clothes from Fleming & Myers, who were also merchants of Livingston, and he executed to them one check of $14.50, dated April 30, 1921; another for $16.75, dated May 7, 1921; another for $10.00, dated May 14, 1921, and

another for $16.75, dated May 21, 1921. All these checks were signed by Mitchell, payable to Fleming & Myers and drawn on the Farmers Bank of Livingston.

Mitchell also owed Vaughn Brothers an open account for groceries amounting to $78.17. Just when this account was made is not shown by the record.

Mitchell failed to deposit money in the bank to cover these checks and they were dishonored. Sometime after the checks were given, Mitchell left Livingston and returned to Harriman, Tennessee. In November, 1921, the complainant, Vaughn, procured a State's warrant for Mitchell on the charge of obtaining credit on these unpaid checks, and the said warrant was sent to Harriman and placed in the hands of an officer who arrested Mitchell and he was carried back to Livingston and there held under arrest. The defendant, Robert E. Lee, Mitchell's brother-in-law also accompanied the officer and Mitchell back to Livingston. On the second morning after Mitchell's arrest, the defendant, S. E. Lee, called his son, Robert E. Lee, over the telephone to ascertain what had been done, and later he called the Sheriff at Livingston about the matter, and requested the Sheriff to continue the case until the next day, so that he might go up there and investigate the matter. The sheriff told him that he would not do it, that Court was in session, and it required a trial within three days, and whatever he did about the matter had to be done immediately. Lee then inquired as to the amount of the checks. The Sheriff then called Vaughn, and after an examination of a paper, replied that the checks amounted to $176.17. The Sheriff also told Lee over the telephone that if he would pay the indebtedness and the costs, they would compromise and settle it without going to Court, and Lee agreed to do so. He telephoned $65.00 in cash to the Sheriff with which to pay the costs and sent the note for $176.17 signed by himself and Isham. The Sheriff also requested Mitchell and Robert E. Lee to sign the note. This $176.17 included said worthless checks and the account of $78.17 due Vaughn Brothers. Thereupon, defendant, Mitchell, was released from custody and returned to Harriman.

The costs in the criminal prosecution amounted to $58.00, but defendant, S. E. Lee, was unable to obtain an itemized statement of the cost from the Sheriff, other than it appears that the defendant, Mitchell, while in custody of the Sheriff, was driven from Monterey to Livingston through the country in a Ford automobile, and that on the way a tire was punctured or damaged, and the cost of repairing of the tire was added in as a part of the costs, which was paid by defendant, S. E. Lee.

The proof further shows that the Sheriff told defendant, Mitchell, "that whatever could be done must be done then, that court was in

session, and they would shove him right into court if it wasn't fixed up right then.'' The proof also shows that Myers of the firm of Fleming & Meyers had gone down to the jail to see Mitchell, and helped to persuade Vaughn to let Mitchell settle the matter and drop the prosecution. Vaughn says that he ''permitted the matter to be settled more through sympathy for Mitchell than anything .else'' but from the proof, Vaughn was evidently in the same room with the Sheriff when he telephoned to the defendant Lee that the matter could be settled out of court by the execution of the note and the payment of the costs, and that the prosecution would be dropped. While Vaughn says that he did not make any statement, still we are of the opinion that he knew all about what the Sheriff had said and was doing, and it also appears that Myers was interested in securing the note and having the prosecution dropped.

· Now under the assignments of error, are the complainants entitled to recover? We think not.

It is clear that the first assignment of error is not well made, as it is entirely too general. Such assignments of error as that ''the court erred in rendering a judgment against the appellant,'' or that ''the court erred in overruling the demurrer,'' are too general and the principle is so well settled, it is not necessary to cite authorities.

But we are of the opinion that the second assignment of error is well taken. It will be observed that the appellants have not assigned as error that said note was obtained by duress, but only assigned that said note was obtained through false and fraudulent representations. The false representations relied upon are that the defendant, Lee, was notified that his son-in-law, Mitchell, had been arrested for issuing worthless checks, and that he would be prosecuted unless the matter was fixed up that day. He asked that the matter be delayed until the next day so that he might go to Livingston to investigate the matter, but this was denied him. He was told that the matter could be fixed up, compromised and settled out of court, and that the prosecution would be dropped if he would pay the amount of the checks and costs. He asked for the amount of the checks and was told that they amounted to $176.17, and he accordingly executed a note. He was not told that this included $78.17 of an open account due Vaughn Brothers.

We think that this amounts to a material misrepresentation. He thought that he was settling the checks, but it developed that they included the account for which there was no criminal charge against Mitchell.

It appears from the record that Mitchell is somewhat worthless, and that Lee objected to the marriage of his daughter to Mitchell, but he says that he settled the matter in order to keep his daughter's

husband out of the penitentiary, as he did not want the disgrace of the matter.

The execution of a note under such circumstances by a father-in-law amounts to duress in law, and is such as to avoid the note, but as duress is not assigned as error, we do not base the reversal of this case on this proposition. However, we do hold that the inclusion of the $78.17 account in the amount was a material misrepresentation. This representation was made by the sheriff (whose deposition was not taken), in the presence of complainant Vaughn, and obviously with his knowledge. So it results that the second assignment of error is sustained.

The third assignment of error as to the compounding of a felony, is not well taken. The defendants insist, and we think the weight of the proof shows, that all these checks were postdated at the time they were issued, and that the defendant, Mitchell, informed the parties at the time the checks were made that he had no money in the bank, but promised to place the money in the bank by the time the checks were to be presented for payment. The proof also shows that the seven days' notice required by the Statute (Act 1915, Chap. 178) was not given to defendant Mitchell. These facts are not seriously controverted by the complainant. Hence, the defendant, Mitchell, was not guilty of any crime (State v. Crockett, 137 Tenn., 683; State v. Cooley, 141 Tenn., 37-38; 25 Corpus Juris, 613; 11 R. C. L. 853). No crime having been committed, the parties were not guilty of compounding a felony under Section 6690-2 of Shannon's Code defining compounding a felony. See, 12 Corpus Juris, 307, Sec. 9.

Aside from all other questions, an agreement by a third party to pay the amount misappropriated by a member of a partnership, in order to prevent a prosecution for such misappropriation, is not based on a valid consideration, as it is not a crime for one partner to misappropriate partnership assets, and a promise to refrain from prosecuting what is legally impossible is not a valid consideration for a note. See, Turle v. Sargent, 63 Minn., 211, 56 Am. St. Rep. 475; 13 Corpus Juris, 350, Sec. 205.

The broad general rule has been stated that a contract cannot be void as compounding a felony, where no felony has in fact been committed. See, 13 Corpus Juris, 454, Sec. 395, Note 82; Woodham v. Allen, 130 Calif., 194.

The staying of a suit where the party knows that he has no cause of action, or the dismissal of suits palpably unjust, it is said, forms no consideration for a promise. 13 Corpus Juris, 350, Sec. 204.

We are, therefore, of the opinion that the third assignment in so far as it seeks a reversal on the ground of compounding a felony is not well taken, as the party was guilty of no crime. However,

there is another Statute, Shannon's Code, 6474 against "Threatening to charge another with crime, or to do him an injury," which has been violated.

From an examination of the record, we are satisfied that all these checks were postdated and that the parties were informed that Mitchell had no money in the bank at the time the checks were issued, and that credit was not extended to him on the faith of the checks at the time; hence, complainants knew that the defendant Mitchell was guilty of no crime. After he left Livingston, they decided to use the criminal law with a view of enforcing collection of their debts, and not only included the amount of the checks, but also included the account. This procedure is in direct violation of the above Section of the Code, and is therefore, against public policy. The complainants must be repelled in our Court. 13 Corpus Juris, 492, Sec. 440; Perkins v. Allenberg, 2 Hig. 637.

It results that the decree of the Chancellor is reversed and the bill dismissed. The costs of the cause, including the cost of the appeal is adjudged against complainant, and his sureties on the prosecution bond.

All concur, except Clark, J., absent.