# G. T. Payne *v.* The State.[*]

## (*Nashville.* December Term, 1928.)

### Opinion filed December 24, 1928.

[*]On the general rule as to construction of penal statutes, see 25 R. C. L., 1081; 4 R. C. L. Supp., 1620; 5 R. C. L. Supp., 1365; 6 R. C. L. Supp., 1503; 7 R. C. L. Supp., 764. As to nature of notice required by statute, see 20 R. C. L., 343; 3 R. C. L. Supp., 1057; 5 R. C. L. Supp., 1100.

W. J. Counts, for plaintiff in error.

W. F. Barry, Jr., assistant attorney-general, for the State.

Mr. Justice McKinney delivered the opinion of the Court.

Plaintiff in error was convicted for the offense of obtaining $5 by means of a worthless check. A fine of $50 and a workhouse sentence of ninety days was imposed by the trial court.

(1) The statute, as amended, provides that the offender shall be guilty unless "payment (shall be made) of such check, draft or order after giving three days' written notice mailed to the drawer's last known address." Shannon's Code, sec. 6742a8; Chapter 105, Acts of 1925; *State* v. *Crockett,* 137 Tenn., 683.

In construing the statute here involved this court, in *State* v. *Crockett, supra,* said:

"The constituents of the offense, as set forth in the statute, are the issuance of the check, draft, or order with fraudulent intent, the obtainment of money or credit

thereon, the failure of the drawee to pay the check after demand made, and the subsequent failure of the person issuing the check to pay it after the seven days' written notice shall have been mailed to him.''

*(2)* The State failed to prove the giving of the written notice, but the trial court was of the opinion that the plaintiff in error had received actual notice, and held that to be sufficient. This was error.

''Where a specified mode of giving notice is prescribed by statute that method is exclusive.'' 20 R. C. L., 343.

*(3)* Penal statutes are to be strictly construed. *Elmore* v. *State,* 135 Tenn., 347; *Kitts* v. *Kitts,* 136 Tenn., 319; 25 R. C. L., 1081.

Criminal statutes fall within this class. 25 R. C. L., 1084; 2 Lewis Sutherland Statutory Construction (2 Ed.), section 520.

*(4)* This court has repeatedly held that actual notice to a municipality of an accident is insufficient where the statute provides for written notice. *City of Knoxville* v. *Fielding,* 153 Tenn., 586; *White* v. *Nashville,* 134 Tenn., 695.

Also, in construing the Workmen's Compensation Act, this court has held that actual notice by the employer does not excuse the giving of the written notice provided by section 15 of the act. *Beech* v. *Keicher,* 154 Tenn., 329; *Black Diamond Collieries* v. *Deal,* 144 Tenn., 466.

It would violate all rules of construction for the court to convict a party of a crime upon notice different from that expressly provided in the statute. If the mode of giving notice in a civil statute is exclusive, as was held by this court in the cases referred to, how much more necessary it is to apply this rule in construing criminal statutes, where the liberty of the citizen is involved.

For the error indicated above, the case will be reversed and remanded for a new trial.