CROMWELL *v.* DOBBINS.

(*Jackson*, April Term, 1950.)

Opinion filed June 9, 1950.

Rehearing Denied July 15, 1950.

Ross & Ross, of Savannah, for appellant.

W. H. SLOAN, of Savannah, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed by Daisy Cromwell, executrix of the estate of Lena McKnight, who died testate in Hardin County, January 14, 1948, against Mrs. Mollie Dobbins, who is a sister of complainant and deceased, and who had filed a claim against the estate in the County Court of Hardin County.

The complainant probated the will and qualified as executrix on January 14, 1948, and under Chapter 175 of the Public Acts of 1939, as amended by Chapter 137 of the Public Acts of 1947, publication for claims against the estate was made on January 30, 1948. On February 28, 1948, the defendant filed her claim against the estate for board and lodging alleged to have been furnished

deceased, in the sum of $324, and although he was required to do so by Chapter 137 of the Public Acts of 1947, the Clerk of the County Court gave complainant no written notice of the filing of the claim, and furnished her no copy of the claim filed. The pertinent part of the amendment of 1947 is: " 'The Clerk of the Court, within five days after the filing of a claim and the entry thereof in the claim book as provided above, shall give written notice to the personal representative of the filing of the claim, by mailing him a true and correct copy of said claim.' "

The bill further avers that the first actual notice that complainant had of the filing of the claim was on February 11, 1949, after the time for filing exceptions to the claim in the County Court had elapsed, and when the County Judge had no authority to extend the time and permit the filing of exceptions. *Warfield* v. *Thomas' Estate,* 185 Tenn. 328, 206 S. W. (2d) 372, 374.

In this situation the complainant filed the original bill in the Chancery Court, seeking to contest the validity of the claim on grounds stated in the bill. The defendant filed a demurrer which the Chancellor overruled, and the present appeal by the defendant has resulted.

The only question presented by the appeal is whether the action of the Chancellor in overruling the demurrer was proper. In the decree overruling the demurrer, the Chancellor found:

"The court finds from the bill, on the hearing of the demurrer, that the five days' notice provided by Chapter 137, section 2 of the Acts of 1947, of the filing of the claim by defendant against the estate of Lena McKnight, deceased, was not given by the Clerk of the County Court of Hardin County, to the complainant as executrix of

said estate, the court being of opinion that the provision of the statute that five days' notice of the filing of the claim must have been given by the Clerk to the executrix is mandatory, and so adjudges and decrees.

"The Court being further of opinion, and adjudges and decrees that after the time had expired, as required by statute, for the filing of exceptions by complainant to the claim of defendant, the executrix was without remedy to file her exceptions to said claim except by her bill in this cause.

"It is, therefore, ordered, adjudged and decreed by the Court that the demurrer of the defendant, be, and the same is overruled and disallowed."

█ We think that the Chancellor's construction of Section 2 of Chapter 137 of the Public Acts of 1947, as being mandatory, is clearly correct. Use of the word "shall" without some contextual matter which modifies the word, compels that construction. There is no such matter in the context here.

On the contrary, since this Court, in *Wilson* v. *Hafley*, Tenn. Sup., 226 S. W. (2d) 308, 312, said: "The filing of this claim was the equivalent to the commencement of an action," it must follow that omission of the written notice required of the Clerk by the amendment of 1947, was an omission of an essential element of due process.

Since the executrix avers in her bill that she had no actual notice, written or other, of the filing of the claim until after the time allowed her to file exceptions, had elapsed, it is not necessary on this appeal for us to decide whether the means of notice prescribed by Section 2 of Chapter 137 of the Public Acts of 1947, was or was not exclusive. *Payne* v. *State*, 158 Tenn. 209, 12 S. W. (2d) 528.

In accord with the opinion of this Court in *Warfield* v. *Thomas' Estate,* supra, 206 S. W. (2d) at page 375, where the text of Higgins Administration of Estates in Tennessee, Section 126-a, p. 97, is quoted and approved, we think the following facts stated in the bill validly pleaded grounds for equitable relief:

(1) That the Clerk did not give the notice or send complainant a copy of the claim as required by the Act of 1947.

(2) That until time for filing exceptions had elapsed, complainant had no actual notice of the filing of the claim, and was led by statements of the defendant to believe that no claim had been filed.

(3) That the claim was not valid and that complainant had a good and equitable defense to said claim.

Accordingly, for the reasons stated, the decree of the Chancellor is in all respects affirmed.

All concur.

## On Petition to Rehear.

Petition to rehear has been filed in which Rule 32, 185 Tenn. 879 , is so far ignored that a principal part of the petition is a quotation from brief of appellant filed formerly in this Court. The proposition made that the Chancery Court was without jurisdiction because the exclusive jurisdiction for the administration of estates was in the County Court, was fully made in oral argument at Jackson and repeated in the brief filed.

It is insisted that since in our former opinion we held that notice by the Clerk to the personal representative was the "equivalent to the commencement of an action," that the time in which the personal representative might file exceptions only commenced to run after the Clerk

had served the notice. The foregoing quotation was not our holding in this case, but was the holding of the Court in an opinion by MR. JUSTICE BURNETT quoted in our former opinion at page 4. In the opinion in this case we held that since the Clerk had wholly failed to give the notice, that an essential element of due process had been omitted. From the allegation of the bill, it appears that the Clerk never gave the notice. So that the question whether the personal representative had or had not lost the right to file exceptions, was never presented by the pleadings in this case.

Furthermore, the jurisdiction of the Chancery Court was clearly made out on the allegations of fraud,— that the defendant had concealed the fact that the claim had been filed, and had assured the personal representative that no claim would be filed. Under its inherent jurisdiction, the Chancery Court had jurisdiction of the case, and it was the opinion of some members of this Court that such fact should be the basis for our opinion.

In this view, it is clear that this bill was not filed by the executrix for a declaration of her rights and duties with regard to the estate, and there is no basis for assessing part of the costs against the estate.

Petition denied.

All concur.