FILED

12/14/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 14, 2018 Session

**IN RE ESTATE OF BERNICE HILL**

**Appeal from the Probate Court for Shelby County**
**No. PR005837      Karen D. Webster, Judge**

_____

**No. W2017-02131-COA-R3-CV**

_____

A claim was filed against an estate by the former employer of the decedent. The clerk of court did not send notice to the representative of the estate as required by Tennessee Code Annotated section 30-2-313(a). The estate did not file an exception to the claim until after the time for filing exceptions had run. The trial court accordingly ruled that the exception was time barred. The estate appeals. We reverse the judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate  Court for Shelby County Reversed and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Thomas Branch, Memphis, Tennessee, for the appellant, Estate of Bernice Hill.

Eugene Douglass, Bartlett, Tennessee, for the appellee, Dr. Joe O'Neal.

**OPINION**

**I.      FACTS AND PROCEDURAL HISTORY**

Bernice Y. Hill died on February 3, 2016. On April 13, Dr. Joe D. O'Neal, Ms. Hill's former employer, filed a Petition for Appointment of Administrator Ad Litem, requesting that the court appoint an administrator for Ms. Hill's estate, and that he be granted a lien lis pendens on two parcels of property owned by Ms. Hill pending an accounting of the assets in the estate. He alleged that Ms. Hill had embezzled approximately $218,000.00 from his dental practice during the course of her

employment. The court entered an order on April 28, setting a hearing on the petition and "such other matters related to the estate as it deems appropriate" for May 23.

On May 19, Pamela Hill Duncan, Ms. Hill's niece, petitioned the court to admit Ms. Hill's Last Will and Testament to probate; this petition was also heard on May 23. Following the hearing, the court entered an order declining to admit the will proposed by Ms. Duncan on the ground that it was not the original and held that Ms. Duncan "can present proof admitting said document to probate as a copy of the original Last Will and Testament of Bernice Hill, or present expert proof establishing said document as the original Last Will and Testament of Bernice Hill." The court appointed Scott Peatross, the Public Administrator for Shelby County, as the administrator of Ms. Hill's estate.[1]

On May 26, Ms. Duncan filed a Petition to Establish Lost Will and Probate a Copy of the Last Will and Testament of Bernice Y. Hill. This petition was heard on July 18, and on August 1, the court entered an order admitting the will to probate, appointing Ms. Duncan as executrix and relieving Mr. Peatross of his responsibilities. Ms. Duncan issued a Notice to Creditors on August 5, and publication to creditors occurred on August 10 and August 17.

Dr. O'Neal filed a claim against the Estate for $181,486.52 on July 24. The probate clerk did not send a Notice of the claim to Ms. Duncan, and the Estate did not file an exception to the claim until March 9, 2017. The exception was heard on August 28, and the court entered its order on September 29, holding that the exception was not timely because Ms. Duncan had constructive notice of Dr. O'Neal's claim and the exception was filed after the deadline to file exceptions; the court entered judgment against the Estate for $181,486.52. In the order, the court made findings of fact and concluded:

> Once an estate is opened, any creditor may file a claim and thus the claim of Dr. Joe O'Neal filed on July 22, 2016, was timely filed. By statute, the Probate Court Clerk is required to send a Notice of Claim to the personal representative notifying him or her that a claim has been filed, but in this case the Clerk did not send notice of Dr. O'Neal's claim to Scott Peatross, the Administrator Ad Litem. Although Pamela Duncan was appointed by this Court at the hearing on July 18, 2016 and Dr. O'Neal filed his claim on July 22, 2016, there is no proof that the Clerk sent the notice of the filing of Dr. O'Neal's claim to Ms. Duncan either. Nevertheless, the Executrix knew or should have known that Dr. O'Neal was making a claim against the estate because notice was sent to the deceased's heirs of the filing of his petition and the Executrix appeared at all three hearings and was aware that Dr. O'Neal was represented by counsel on his claim at said hearings.

---

[1] The order memorializing the ruling at the May 23 hearing was entered on July 15.

The Court is of the opinion that the Executrix had constructive notice of Dr. O'Neal's claim and had a duty to investigate whether a claim actually had been filed based on the knowledge she had. The deadline to file an exception to Dr. O'Neal's claim or any claim in this case would have been on or about January 10, 2017, and the Court finds that the deadline to file an exception is absolute and thus the Executrix' exception filed March 7, 2017 is not timely. Therefore, the Court finds that Dr. O'Neal's claim for the amount of $181,486.52 is a final judgment against the Estate.

Ms. Duncan appeals, contending that the trial court's denial of a hearing on the exception and entry of judgment against the estate violates Tennessee Code Annotated section 30-2-313 and the Due Process Clauses at section 1 of the Fourteenth Amendment to the U. S. Constitution and Article I, section 8, of the Tennessee Constitution.

## II.    STANDARD OF REVIEW

This case was tried by the court sitting without a jury, so we review the factual findings *de novo* with a presumption of correctness unless the preponderance of the evidence is otherwise. *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996); Tenn. R. App. P. 13(d)).  To preponderate against a trial court's finding of fact, the evidence has to support another finding of fact with greater convincing effect. *Watson*, 196 S.W.3d at 701 (citing *Walker v. Sidney Gilreath & Assocs.,* 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.,* 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999).  We review the court's legal conclusions *de novo* with no presumption of correctness. *Watson*, 196 S.W.3d at 701 (citing *Campbell,* 919 S.W.2d at 35). This appeal involves interpretation of a statute, which is a question of law, and thus we review the chancery court's decision *de novo*, without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009).

## III.    ANALYSIS

When an estate is opened, creditors may file a claim against the estate within four months of the date of first publication of notice to creditors.[2] Tenn. Code Ann. § 30-2-306.  When a claim is filed, the clerk of the probate court is required to give notice of the claim to the personal representative and attorney of record, said notice to be given by "mailing each a true and correct copy of the claim." Tenn. Code Ann. § 30-2-313(a). After a claim is filed, the estate may file an exception, disputing that the estate is

---

[2] Filing a claim "amounts to a demand for payment and is the equivalent of the beginning of an action." *Needham v. Moore*, 292 S.W.2d 720, 722 (Tenn. 1956).

3

obligated to pay the claim; an exception must be filed no later than 30 days after the deadline for filing claims expires. Tenn. Code Ann. § 30-2-314(a)(1).  Within 10 days after an exception is filed, the clerk is to fix a date for a non-jury hearing. Tenn. Code Ann. § 30-2-315(a)(1).  If an exception is not timely filed, "the claim becomes, in effect, a judgment against the estate." *Needham v. Moore*, 292 S.W.2d 720, 723 (Tenn. 1956).

> The trial court found that:

> [T]he Clerk did not send notice of Dr. O'Neal's claim to Scott Peatross, the Administrator Ad Litem. Although Pamela Duncan was appointed by this Court at the hearing on July 18, 2016 and Dr. O'Neal filed his claim on July 22, 2016, there is no proof that the Clerk sent the notice of the filing of Dr. O'Neal's claim to Ms. Duncan either.

Dr. O'Neal does not argue that the trial court erred in this finding or that the evidence preponderates against the finding.  The trial court held Ms. Duncan "had constructive notice of Dr. O'Neal's claim and had a duty to investigate whether a claim actually had been filed based on the knowledge she had."  In reliance on *Wilson v. Hafley*, 226 S.W.2d 308 (Tenn. 1949), Dr. O'Neal argues that, in light of her knowledge, Ms. Duncan cannot use lack of notice to excuse the late filing of the exception to his claim.

Contrary to Dr. O'Neal's argument, the issue before us is not one of Ms. Duncan's knowledge; it is whether the failure of the clerk to comply with the statute prevents Ms. Duncan from having a hearing on the exception to Dr. O'Neal's claim, thereby leading to a judgment against the estate.  In our resolution of this issue, we are mindful of the guidance afforded by the court in *Needham*:

> These statutes which we are considering here beginning with [Tennessee Code Annotated section 30-2-306] and in particular [sections 30-2-313 and 30-2-314] all form an orderly system for the probate and distribution of estates.  When the different statutes do thus form a system or a scheme they should be construed so as to make the scheme consistent in all its parts and uniform in its operation.  In thus construing a statute we consider these statutes under the rule normally called in para materia.

292 S.W.2d at 725 (internal citations omitted).

In *Cromwell v. Dobbins*, our Supreme Court interpreted Tennessee Code Annotated section 30-516,[3] the predecessor to section 30-2-313, to facts substantially

---

[3] Tennessee Code Annotated section 30-516 (1947) stated:

similar to those in this case. 231 S.W.2d 577 (Tenn. 1950). In that case, the executrix of an estate did not timely file an exception to a claim and filed an action seeking relief in Chancery Court; the executrix asserted that the clerk of the county court had failed to give written notice of the claim which had been filed in the estate or a copy of the claim, and that the first actual notice of the claim she received was after the period for filing exceptions had expired. *Id.* at 578. She sought relief because the county judge, where the estate was being administered, had no authority to extend the time or to permit the filing of the exception. *Id.* The trial court granted relief, holding that the statutory requirement that the county clerk give notice was mandatory. *Id*. at 579. On appeal, the Supreme Court affirmed the trial court, holding that the "'[t]he filing of this claim [was] the equivalent to the commencement of an action,'" and the "'omission of the written notice required of the Clerk . . . [was] an omission of an essential element of due process." *Id.* (citing *Wilson*, 226 S.W.2d at 312); *see also Needham*, 292 S.W.2d at 722. Although the statute has been amended and recodified in the intervening years, the pertinent language has not changed; we see no reason to interpret the same language differently.

The statutes mentioned above establish a process in which the clerk has specific responsibilities relative to resolution of contested claims in order that those claims be resolved in order that other matters in the orderly administration of the estate be completed. Tennessee Code Annotated section 30-2-313(a) requires that the clerk issue notice that the creditor has filed the claim, and compliance with the statute is mandatory. *Cromwell,* 231 S.W.2d at 579. The administrator's knowledge that a creditor may or may not have filed a claim is not the statutory standard. Consistent with the cases interpreting the same language in the predecessor of section 30-2-313, the failure of the clerk to send out the notice does not render the estate's exception untimely, such as to establish a judgment against the estate.

---

The clerk of the court, within five (5) days after the filing of a claim and the entry thereof in the claim book as provided [in section 515], shall give written notice to the personal representative of the filing of the claim, by mailing him a true and correct copy of said claim. If a claim is filed within the last month of the period for the filing of claims, the personal representative shall have thirty (30) days after receipt of notice from the clerk of the filing of said claim within which to except thereto. A claim filed within the last month shall not become a final judgment against the estate until after the expiration of thirty (30 days after such notice has been given as above provided.

**IV.    CONCLUSION**

For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____

RICHARD H. DINKINS, JUDGE