GUY  *v.*  LUMBER  COMPANY.

(*Knoxville.*   September  28,  1893.)

EVIDENCE.   *Not admissible, when.*

A judgment defeating a father's suit for personal injuries to his minor child, upon the ground that they were not inflicted by defendant's negligence, but by that of an independent contractor operating his mill, is not competent evidence for defendant to support the same defense in a subsequent suit brought by the minor against the same party for the same injury.

Case cited: Powell *v.* Construction Co., 88 Tenn., 692.

---

FROM  ANDERSON.

---

Appeal in error from the Circuit Court of Anderson County.   W. R. HICKS, J.

JAMES A. FOWLER and W. L. WELCKER for Guy.

C. J. SAWYERS and HENDERSON & JOUROLMON for Lumber Company.

CALDWELL, J.   Alexander Guy, as next friend of Charles Guy, brought this action against the Fisher & Burnett Lumber Company, to recover damages for personal injuries alleged to have been negligently inflicted upon the said Charles Guy by the

defendant while he was in its employment as a laborer at its mill.

Trial before Court and jury resulted in verdict and judgment for the defendant, and plaintiff appealed in error.

Charles Guy, for whose benefit this action is prosecuted, was a minor, thirteen years of age at the time he received the injuries complained of in the declaration, and he is still a minor, under the age of twenty-one years.

Soon after the injuries were inflicted, the father of Charles Guy brought suit against the Fisher & Burnett Lumber Company, in his own right, to recover damages resulting to him from loss of services, etc.

That suit was successfully defended in the Circuit Court and in this Court. In affirming the judgment of the Circuit Court in that case, this Court adjudged that one Hugh Bailey, who had engaged the services of Charles Guy, was an *independent contractor*, and that the defendant was, for that reason, not responsible for the injuries sued for.

One defense made before the jury in the present action was, that Charles Guy was not in the employment of the defendant, but in the service of Hugh Bailey, an alleged independent contractor, at the time the injuries complained of were received.

In support of that defense, the defendant was permitted, over the objection of the plaintiff, to

produce in evidence a copy of the judgment of this Court in the former case.

Upon no ground was that judgment competent or. admissible as evidence in this case. It would have been competent and admissible as a matter of estoppel, on a plea of. *res adjudicata*, in an action between the same parties and about the same subject-matter. But it was not so in this case.

For the error indicated, the judgment is reversed, and the case remanded for a new trial.

On another trial, inaccuracies in the charge of the Court, upon the subject of independent contractor, may be corrected by following the definition given and principles laid down in the case of *Powell* v. *Construction Company*, 88 Tenn., 692.