JOSEPH BAMKA v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILROAD COMPANY.[1]

July 3. 1895.

Nos. 9386—(171).

**Res Judicata—Party in Different Capacities.**

The general rule that the judgment of a court having jurisdiction of the subject-matter, of the parties, and the process, and rendered directly upon the point in question, is conclusive between the same parties, is not applicable when the same person, though a party in both suits, is such in different capacities,—in the one, occupying a distinctively representative position, such as an administrator, or as a general or an ad litem guardian; in the other, as an individual.

**Same—Loss of Services—Former Action under G. S. 1894, § 5164.**

*Held,* in an action brought by a father, in his individual right, to recover for loss of services, for expenses incurred, and for compensation for care and trouble sustained, by him, growing out of injuries to his minor son, alleged to have been the result of defendant's carelessness and negligence, that a judgment rendered in favor of defendant in a prior action, brought under the provisions of G. S. 1894, § 5164, by the father, is not a bar to a recovery.

Appeal by defendant from an order of the district court for St. Louis county, Moer, J., granting plaintiff's motion for a new trial. Affirmed.

Upon the trial defendant objected to the introduction of evidence on the ground that the matters involved in, and the subject matter of, the action had been determined and adjudicated in the former action referred to in the opinion. The court sustained the objection and dismissed the action.

*J. L. Washburn, Thomas Wilson,* and *S. L. Perrin,* for appellant.

The determination in the former action of matters essential to both causes of action constitutes a bar. Herman, Estoppel, § 96; Outram v. Morewood, 3 East, 346; Keokuk R. Co. v. Missouri, 152 U. S. 301, 14 Sup. Ct. 592; Corcoran v. Chesapeake Canal Co., 94 U. S. 741; McClung v. Condit, 27 Minn. 45, 6 N. W. 399; Byrne

[1] Reported in 63 N. W. 1116.

v. Minneapolis & St. L. R. Co., 38 Minn. 212, 36 N. W. 339; McBurnie
v. Seaton, 111 Ind. 56, 12 N. E. 101; Baker v. Flint & P. M. R. Co.,
91 Mich. 298, 51 N. W. 897; Southern Minn. Ry. Ext. Co. v. St. Paul
& S. C. R. Co., 12 U. S. App. 320, 5 C. C. A. 249, 55 Fed. 690; Trask
v. Hartford R. Co., 2 Allen, 331; Johnson v. Johnson, 57 Minn. 100,
58 N. W. 824.   The judgment in the former action is a bar, provided
the evidence necessary to sustain the judgment for plaintiff in the
present action would have justified a verdict in the former; and
it is not essential that the causes of action be the same.   Hardin
v. Palmerlee, 28 Minn. 450, 10 N. W. 773; Taylor v. Castle, 42 Cal.
367; Herman, Estoppel, §§ 96, 97; Board of Supervisors v. Min-
eral Point Ry., 24 Wis. 93, 124.   Freeman, Judgments, § 259; Allis
v. Davidson, 23 Minn. 442; Tilley v. Bridges, 105 Ill. 336; Felton v.
Smith, 88 Ind. 149; Billing v. Gilmer, 23 U. S. App. 168, 8 C. C. A.
645, 60 Fed. 332; Chand, Res Adjudicata, 55; Strong v. Phœnix
Ins. Co., 62 Mo. 289; Andrews v. School District, 35 Minn. 70, 27 N.
W. 303.   A successful defense to a series of actions founded on the
same subject matter, if it went to the merits of the whole, is, be-
tween the parties, a complete estoppel in any subsequent action
in the series.   Black, Judgments, § 751; Cromwell v. County of
Sac, 94 U. S. 351; Kilander v. Hoover, 111 Ind. 10, 11 N. E. 796; Ha-
zen v. Reed, 30 Mich. 331; Bouchaud v. Dias, 3 Denio, 238.

Plaintiff chose to abandon the former action without appeal, and
has no right again to harass defendant without first demonstrating
that the former adjudication was wrong.   McCain v. Louisville &
N. R. Co. (Ky.) 22 S. W. 325.   Plaintiff was party to the former
action in such a way as to be bound by the facts litigated therein.
1 Greenleaf, Ev. § 535; Robbins v. Chicago City, 4 Wall. 657; Black,
Judgments, § 536; Cannon River Manfrs. Assn. v. Rogers, 42 Minn.
123, 43 N. W. 792; Schroeder v. Lahrman, 26 Minn. 87, 1 N. W.
801; McBurnie v. Seaton, supra; Corcoran v. Chesapeake Canal Co.,
supra; Baker v. Flint & P. M. R. Co., supra; Southern Minn. Ry.
Ext. Co. v. St. Paul & S. C. R. Co., supra; Stewart v. Montgomery,
23 Pa. St. 410, 412; Johnson v. Johnson, supra.

*J. W. Reynolds*, for respondent.

The former action was in effect by plaintiff as guardian.   Lathrop
v. Schutte, 61 Minn. 196, 63 N. W. 493; Furlong v. Banta, 29 N. Y.

Supp. 985; Guy v. Lumber Co., 93 Tenn. 213, 23 S. W. 972. A re-covery by a guardian ad litem is not a bar to recovery by a person suing for loss of services, or vice versa. Wilton v. Middlesex R. Co., 125 Mass. 130; Karr v. Parks, 44 Cal. 46; Bradley v. Andrews, 51 Vt. 525; Texas & Pac. R. v. Morin, 66 Tex. 133, 18 S. W. 345; Id., 66 Tex. 225, 18 S. W. 503; McNamara v. Logan, 100 Ala. 187, 14 South. 175; 2 Black, Judgments, § 536; Rathbone v. Hooney, 58 N. Y. 463.

COLLINS, J. Plaintiff brought this action to recover for loss of services, for expenses incurred by him in procuring medical attend-ance, and for compensation for the care and trouble sustained by him, growing out of certain injuries to his minor son, alleged to have been the result of the carelessness and negligence of defendant's servants when operating one of its trains. Prior to its commence-ment he had brought suit against defendant, under the provisions of G. S. 1894, § 5164, to recover for the injuries sustained by the minor; the case had been brought to trial; a verdict rendered for defendant, on which a judgment had been duly entered and dock-eted; and no appeal had been taken therefrom. The single question is whether the judgment in the first action is a bar to plaintiff's right of recovery in this.

The statute under which the former action was brought author-izes a father, or a mother, in certain contingencies, to maintain an action to recover damages for injuries sustained by a minor child. Damages sustained by a parent by reason of the injuries, such as loss of services, are not recoverable in such an action. Gardner v. Kellogg, 23 Minn. 463. The action is solely for the benefit of the child, and the plaintiff parent has no interest in the amount recovered. Such plaintiff simply holds the amount of the recovery in trust; and for the purpose of protecting the real party in interest, and that the trust may be enforced, the equitable powers of the court are am-ple, and, if necessary, will be exercised. The judgment in such an action is a bar to any subsequent proceedings by the child, or in its interest. Lathrop v. Schutte, supra, p. 196, 63 N. W. 493.

To make a judgment pleaded in bar a technical bar, it must ap-pear to have been between the same parties. And the general rule that the judgment of a court having jurisdiction of the sub-

ject-matter, of the parties, and the process, and rendered directly upon the point in question, is conclusive between the same parties, is not applicable when the same person, though a party in both suits, is such in different capacities,—in the one, occupying a distinctively representative position, such as an administrator, or as a general guardian, or as a guardian ad litem; in the other, as an individual. For in an action brought by a person as an administrator, or as a guardian, general or special, he is not a party, properly speaking, although he is nominally. The real party is the estate he may represent as administrator, or the minor in whose behalf he as guardian prosecutes the action. In another suit brought to enforce an individual demand or right, he, in contemplation of law, is a distinct person, and a stranger to the prior proceedings and judgment. 1 Herman, Estop. § 94, and cases cited; Furlong v. Banta, 29 N. Y. Supp. 985; Guy v. Lumber Co., 93 Tenn. 213, 23 S. W. 972; Wilton v. Middlesex R. Co., 125 Mass. 130; Karr v. Parks, 44 Cal. 46; Bradley v. Andrews, 51 Vt. 525; McNamara v. Logan, 100 Ala. 187, 14 South. 175. No real distinction in respect to the representative capacity in which actions are brought by administrators, general guardians, or guardians ad litem, and by parents in the interest of their minor children, can be pointed out. The judgment against the plaintiff in the former action, brought under the statute, was not a bar to a recovery in this.

Order affirmed.