HUFFER *v.* STATE.

*(Nashville*, December Term, 1941.)

Opinion filed June 2, 1942.

HAILE & HARRIS, of Cookeville, for plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Plaintiff in error was presented at the February term, 1942, of the Criminal Court of Clay County for the un-

lawful sale of retail beer without having a permit. The case was tried before the court without a jury, who found the plaintiff in error guilty and imposed on him a fine of $10.

In December, 1939, the Beer Committee of Clay County issued a permit to plaintiff in error to sell beer at the place where he was engaged in business, same containing no time limit. Plaintiff in error also paid his privilege license up to June 25, 1942, and all other taxes.

The County Court of Clay County on October 1, 1939, passed certain regulations ''for the guidance of the Beer Committee,'' one of which was that no permit should be issued for a longer period than one year. It will be noted that the permit issued to plaintiff did not conform to this regulation, and since it was not renewed in December, 1940, or 1941, it is insisted that from December, 1940, to the return of the presentment plaintiff in error had no permit.

The Beer Act, Chapter 69, Public Acts of 1933, contains no provision by which the county court is authorized to pass a regulation of this character. In *Wright* v. *State*, 171 Tenn., 628, 106 S. W. (2d), 866, 868, the county court passed regulations prohibiting the sale of beer ''at or upon any premises whereon dancing is engaged in or permitted,'' and also regulating the hours during which beer could be sold. In holding that the county court was without authority to pass such regulations, this court said:

''While beer, ale, and other beverages of low alcoholic content may not be highly intoxicating, yet they are sufficiently so to require regulation of their sale. The Legislature has provided for this in granting the authority to deal in such liquors. The Legislature has seen

proper to extend to municipal corporations a large authority and discretion.

"There appears to be express authority of cities and towns to pass proper ordinances governing the issuance and revocation of licenses. There is express provision for cities and towns to impose additional restrictions, fixing zones and territories, providing hours of opening and closing, and such other rules and regulations as will promote public health, morals, and safety as they may by ordinance provide.

"If it were intended that the county court should exercise like authority and to make ordinances or resolutions beyond the provisions of the legislative act, this authority, we think, would not have been expressly given to municipal corporations without being given the county court. The language of the statute, granting such authority only to municipal corporations, seems upon its face to exclude county courts from making any regulation beyond the provisions of the statute. All criminal or quasi-criminal laws are strictly construed. *Burks* v. *State*, 162 Tenn., 406, 36 S. W. (2d), 892; *Payne* v. *State*, 158 Tenn., 209, 12 S. W. (2d) 528."

Futher on in the opinion it was said:

"The county court or its committee having the power to grant licenses have the power by necessity to revoke if the law is violated in the exercise of the license. Reasonable discretion is given under the act to the county court in the granting of license and the regulation to be exercised by the court is in the granting and withdrawal of licenses. A license to sell liquor is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful. The authority which granted it always retains the power to revoke

it for due cause such as a violation of the laws regulating the traffic. 33 C. J., 563.

"We are of opinion that the county court may refuse license to sell liquors in connection with a dance hall if it be reasonably concluded that it violates the provisions of this law, and for the same reason revoke a license when once given. . . .

"We are of opinion that the remedy here attempted is a mistaken one. The court may deal with the license, and if one should operate without a license he will have committed a misdemeanor. But we find no authority for a county court to set up a law unto itself, applicable alone to that county, or to extend the law as defined by the statute. If so, each county might by resolution make its own criminal laws, the State might have ninety-five criminal laws on regulation, each differing from the other. Such a conclusion would be absurd.

"Irrespective of any constitutional question, we are of opinion that the county court is not delegated the power to create an indictable offense but to pass upon applications and to grant, deny, or revoke license."

From the foregoing it will be seen that the county court has no express authority to enact a regulation such as that under consideration. The county court or beer committee has a wide discretion when it comes to issuing permits and has authority to revoke same when the law is violated. We think this authority is ample to safeguard and regulate the premises where beer is sold, and that these remedies should be adhered to.

Reversed.