KRISHER, APPELLANT, *v.* MCALLISTER, APPELLEE, ET AL.

(No. 2041—Decided June 11, 1942.)

*Mr. Franklin L. Maier* and *Mr. Jas. L. Amerman,* for appellant.
*Messrs. Burt, Carson & Shadrach,* for appellees.

MONTGOMERY, J.   The appellant filed his petition in the Court of Common Pleas against the appellee, Clarence I. McAllister, and one Frank L. Misheff, wherein

he sought to recover from the two defendants an amount claimed to have been suffered by him for expenses, hospital care, medical attention, nursing and loss of services of his minor son, who had been severely injured as the result of the claimed concurrent negligence of the two defendants.

McAllister, by his amended answer, admitted certain allegations of the petition, then denied liability, and as a second defense pleaded contributory negligence of the boy who was injured. By way of third defense, McAllister pleaded the commencement of a suit in the Court of Common Pleas by Howard Krisher the minor, by Earl Krisher his father and next friend, against the two defendants in this case; that in that action a verdict was rendered in favor of the defendant McAllister, and judgment rendered thereon; that by reason thereof all questions of the negligence of the defendant McAllister had been determined; and that such matter is now *res judicata*.

And for a fourth defense, McAllister pleaded that in the former action this plaintiff, Earl Krisher, had an interest by reason of his relationship as father of the plaintiff, alleged his active participation in the trial of the former cause, and as the result thereof pleaded estoppel.

Demurrers were filed to the third and fourth defenses of the amended answer, which were overruled. Thereupon, a reply was filed to this pleading.

The reply to the third defense admitted that whatever claims the plaintiff Earl Krisher might have for loss of services and expenditures, grew out of the same facts and circumstances as were tried or could have been tried in such former action, and that all questions of the negligence of the defendant McAllister were litigated and determined in such action, but denied that the result was binding upon this plaintiff.

For reply to the fourth defense, plaintiff admitted that he actively participated in the trial of the earlier cause, by employing counsel therein for plaintiff, as next friend; and that he sat at the trial table with the son and counsel throughout the trial, consulted with counsel as to the progress of the case, and authorized an appeal from the judgment. He denied this constituted any estoppel.

Thereupon, the defendant McAllister moved for judgment upon the pleadings, this motion was sustained and judgment rendered for him, and from that judgment this appeal was perfected to this court.

The cause is still pending in the Court of Common Pleas so far as the defendant Misheff is concerned.

There is, therefore, presented to us the two questions: Did the result of the former case constitute *res judicata* so far as this plaintiff is concerned? Is he, by his conduct, estopped from proceeding in the instant case? If these questions, or either of them, be answered in the affirmative the judgment of the trial court must be affirmed, otherwise, there must be a reversal and a remand for further proceedings.

With reason do counsel for appellee contend that since there was a failure in the original and principal action, its result should be held determinative in the instant case. We might add that there is particular merit in this contention based upon the fact, which was heretofore recited, of the admissions in plaintiff's reply. Were this a matter of first impression, we would be inclined to hold with the appellee. There is certainly much reason in the proposition that when an issue has been thoroughly litigated and finally determined, and it has been decided that no cause of action exists for the injuries sustained, it follows that claims incidental to, or growing out of, these injuries should

not thereafter be sustainable against one who has been found free from liability in the original action.

However, as we view it, we are not privileged to do pioneer work in this respect. The law of Ohio, as well as the law generally in the United States, is against the contention. It would be vain and profitless for us to review in detail the Ohio authorities which have been discussed elaborately by counsel in their briefs, and with which they are so entirely familiar. These cases are: *Mahoning Valley Ry. Co.* v. *Van Alstine, Admr.,* 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893; *May Coal Co.* v. *Robinette, Admr.,* 120 Ohio St., 110, 165 N. E., 576, 64 A. L. R., 441; and *Gibson* v. *Solomon,* 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903.

Counsel for appellee argue that the effect of these cases is destroyed by the more recent opinion of the Supreme Court in the case of *Conold* v. *Stern,* 138 Ohio St., 352, 35 N. E. (2d), 133, 137 A. L. R., 1003. However, a reading of that case shows a situation decidedly different from the one at bar, and different from the Ohio cases on which appellant relies. In the *Conold* v. *Stern case* it was held that when an insurer had been held not liable in one action by one injured by the insured, that judgment would be conclusive in a subsequent action by another person injured in the same accident against the same insured. In that case the obligation of the insurance company was to its insured, obligating itself to make good the loss sustained by the insured, provided certain requirements were complied with. It had been held in the prior action that there was no compliance with these requirements. The court, in the opinon on page 367, states that since the insurance contract had been held void as between the insurer and insured in the previous case, the injured plaintiff in the *Conold case,* "limited

to a derivative right from the insured, is barred as her insured is barred from recovery against the insurance company.''

In that case, the right of the injured party to the insurance fund was derivative from the right vested in the insured and depended altogether upon it. In the case presented to us, the right of the plaintiff here is not derivative in the same sense, although it is contingent upon proving liability of the defendant.

Counsel for appellant cite many authorities outside the state of Ohio. Most of them are not in point, because in most of them the liability of the defendant for damages had been established, and it naturally follows that if liable in the original instance to the one injured, he might well be held in turn to respond to those who had suffered incidentally as a result therefrom, and that the amount of liability to those incidentally injured would depend upon the proof of damages which they sustained,

However, a case directly in point, and apparently similar in every detail to our case, is that of *Bamka* v. *Chicago, St. P., M. & O. Rd. Co.,* 61 Minn., 549, 63 N. W., 1116, 52 Am. St. Rep., 618. The syllabus in that case is as follows:

''The general rule that the judgment of a court having jurisdiction of the subject-matter, of the parties, and the process, and rendered directly upon the point in question, is conclusive between the same parties, is not applicable when the same person, though a party in both suits, is such in different capacities—in the one, occupying a distinctly representative position, such as an administrator, or as a general or an *ad litem* guardian; in the other, as an individual.

''*Held,* in an action brought by a father, in his individual right, to recover for loss of services, for expenses incurred, and for compensation for care and

trouble sustained, by him, growing out of injuries to his minor son, alleged to have been the result of defendant's carelessness and negligence, that a judgment rendered in favor of defendant in a prior action, brought under the provisions of G. S. 1894, Section 5164, by the father, is not a bar to a recovery.''

As stated in the opinion of the Minnesota case, on page 552:

''For in an action brought by a person as an administrator, or as a guardian, general or special, he is not a party, properly speaking, although he is nominally. The real party is the estate he may represent as administrator, or the minor in whose behalf he as guardian prosecutes the action. In another suit brought to enforce an individual demand or right, he, in contemplation of law, is a distinct person, and a stranger to the prior proceedings and judgment.''

With considerable reluctance, we come to the conclusion that the judgment in the former action of Krisher by his next friend, against McAllister and others, is not *res judicata* in the present action.

Coming now to the appellee's claim that the plaintiff is estopped from proceeding with this action, it is to be observed that there is much confusion in attempting to distinguish, in such actions, between *res judicata* and estoppel.

As stated, in the third paragraph of the syllabus of *Clark* v. *Baranowski,* 111 Ohio St., 436, 145 N. E., 760:

''The doctrine of *res adjudicata* is a branch of the law of estoppel * * *.''

And we note that Bigelow on Estoppel, devotes many, many pages to a discussion of the question of *res judicata,* and frequently uses that term and the term estoppel as interchangeable.

We take it that counsel will not seriously contend that the plaintiff is estopped, so far as the judgment

itself is concerned, if that judgment be not *res judicata*. Their contention seems to be that there is an additional valid and sufficient estoppel, due to the fact that the plaintiff in the former action appeared as next friend, actively participated in the trial, and directed the institution and perfection of the appeal of the case after final judgment.

In other words, it is contended that he, by his personal conduct, has estopped himself from now proceeding in this action. Frankly, we cannot follow this argument in view of our conclusion on the former proposition. If he is not barred by the result in the former case from now proceeding, we fail to see how it can be contended that his personal participation in that action would bar him. If he has a right to maintain the action in spite of the former adverse judgment, he certainly has a right to pursue it as effectively and forcefully as he can, and in the former action he was certainly bound to pursue it as forcefully and effectively as he could, if for no other ground than upon good faith in having instituted the suit as the next friend of the minor. To hold otherwise on this claim of estoppel would seem to us to require as a condition that there had been an absence of good faith or an absence of personal interest in the other action, on the result of which counsel seek to rely.

It is our conclusion that the trial court erred in overruling the demurrers to the third and fourth defenses of the amended answer, and erred in rendering judgment upon the pleadings; and it follows that the judgment of that court will be reversed and this cause remanded for further proceedings.

*Judgment reversed.*

LEMERT, P. J., and SHERICK, J., concur.