HELMS *et al.* v. RICHARDSON *et al.*

(*Jackson,* April Term, 1950.)

Opinion filed July 15, 1950.

B. B. GULLETT, of Nashville, for plaintiff in error.

JOE APPLEBY, of Lexington, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Complainants, Max Helms and Frank Taylor, filed their bill in this cause in the Chancery Court of Henderson County, against the officials of the Town of Lexington, seeking an injunction to restrain the enforcement of two ordinances enacted by the governing body of said municipality, and also seeking a declaratory judgment as to said ordinances. The cause was heard by consent on bill and answer. The Chancellor dissolved the temporary injunction and dismissed the bill.

The Town of Lexington passed two ordinances which undertook to prohibit the sale of beer within its munici-

pality. The ordinances not only undertook to prohibit the sale of beer within the city limits, but also to prohibit the possession of beer within the city limits. The question made by complainants is that the Town of Lexington was without charter or authority to pass the ordinances in question. However, by Chapter 402, Section 10, Private Acts of 1901, it is provided:

*"Be it further enacted,* That the Mayor and Aldermen of the town of Lexington are hereby empowered—

"(1) To enact such ordinances and by-laws as may be necessary to preserve the health, quiet, peace, morals and good order of the town, including such quarantine regulations not to exceed one mile outside the town limits, as occasion may require, in such ways as not to conflict with the laws of the State."

Chapter 69, Public Acts of 1933, regulating the sale, transportation, storage, possession, receipt, manufacture and distribution of beer, is now Section 1191.14 of Williams' Code and reads, in part, as follows: "All incorporated cities and towns in the State of Tennessee are authorized to pass proper ordinances governing the issuance and revocation of licenses for the storage, sale, manufacture and/or distribution of such beer and/or other beverages as herein prescribed within the corporate limits, providing a board of persons before whom such application shall be made, but the power of such cities to issue licenses shall in no event be greater than the power herein granted to counties, but cities and towns may impose additional restrictions, fixing zones and territories and providing hours of opening and closing and such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide."

■ By the above-quoted provision of the statute it is thus seen that the general law authorizes municipalities to pass proper ordinances governing the issuance and revocation of licenses for the storage and other handling of beer, "as will promote public health, morals and safety as they may by ordinance provide."

■ In *Wright* v. *State,* 171 Tenn. 628, 106 S. W. (2d) 866, this Court held that the right to store, sell and possess beer is not a natural, inherent or statutory right. See *Huffer* v. *State,* 178 Tenn. 644, 162 S. W. (2d) 381.

"It is everywhere agreed that a permit to engage in the manufacture or sale of beer, or other intoxicating liquors, is in the nature of a mere permit which creates no vested or property rights, and the traffic is at all times subject to the control of the State, or by delegation of power to its political subdivisions, such as counties or municipalities, in the exercise of the police power." *Henderson* v. *Grundy County Beer Committee,* 176 Tenn. 397, 402, 141 S. W. (2d) 901, 903.

■ Counsel for defendants insist that the ordinances in question do not conflict with the general law, citing *Holbert* v. *State,* 178 Tenn. 80, 81-82, 156 S. W. (2d) 388, 389, where this Court said:

"Section 1 of chapter 69 of the Acts of 1933 provides 'That it shall hereafter be lawful in this State to transport, store, sell, distribute, possess, receive and/or manufacture beer . . . subject to the privilege taxes and regulations hereinafter set out and provided . . . .' "

"The following sections of the Act regulate in much detail the storing, selling, distribution and manufacturing of beer. There is, however, no regulation of the receipt and possession of beer, unless such beer be stored for sale. Under *McHenry* v. *State,* 168 Tenn. 667, 80

S. W. (2d) 655, beer can only be stored, sold, distributed or manufactured as regulated by the Act of 1933. If beer is stored, sold, distributed or manufactured without compliance with the Act of 1933, then one handling beer in such manner may be proceeded against under Sections 11215 et seq. of the Code prohibiting the storage, sale, distribution or manufacture of intoxicating liquors.

"Since Section 1 of the Act of 1933 expressly legalizes the receipt and possession of beer subject to the regulations of the Act and the Act prescribes no regulations for the receipt and possession of beer, such receipt and possession cannot be considered illegal."

The word "possession" is not mentioned in the provision above quoted from Section 1191.14 of Williams' Code. A municipality which undertakes to pass an ordinance prohibiting the "possession" of beer, is in conflict with the Act of 1933, and is, therefore, invalid.

We are of opinion that the ordinances in question were passed to prohibit the sale and the storage of beer for the purpose of sale in the Town of Lexington. The authority of the Town of Lexington to pass ordinances prohibiting the sale of beer within its corporate limits cannot be questioned. *Cravens* v. *Storie,* 175 Tenn. 285, 133 S. W. (2d) 609. The only repugnant part of these ordinances is the word "possession," and by eliding this word "possession" from these ordinances, they become valid.

The decree of the Chancellor, thus modified, is affirmed. All concur.