POLSKY *v.* ATKINS.

*(Nashville,* December Term, 1953.)

Opinion filed July 23, 1954.

J. W. ANDERSON, of Chattanooga, HENRY C. FOUTCH, Assistant Attorney General, and CHARLES L. CORNELIUS, JR., of Nashville, for plaintiff in error.

WALKER, HOOKER, KEEBLE, DODSON & HARRIS, of Nashville, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This appeal is presented by Mr. Atkins, as Commissioner of Finance & Taxation, from a judgment of the Circuit Court of Davidson County wherein certiorari to an order by the Commissioner denying Polsky a license to sell liquor in Chattanooga had been granted. The trial judge after considering the record as made before the Commissioner held that the Commissioner had before him no competent evidence upon which to refuse this license and as a result held that the Commissioner's act in refusing the license amounted to an arbitrary action on his part.

The record shows that Polsky had for some six years prior to the institution of the action herein held a retail liquor license in the City of Chattanooga. The statute,

Code Supp. 1950, Sections 6648.10-6648.14, as amended, require that the applicant for a license must furnish a certificate of good moral character from the City Fathers or a certain percentage of them. The act further provides that these applications for a license are to be dated annually and that a new license in the case the application is approved is issued each year at the end of the year for the succeeding year. In 1952 the City officials of Chattanooga refused to issue Polsky a certificate of good moral character. As a result of this refusal Polsky filed a petition before the then Commissioner of Finance & Taxation, the Honorable J. M. Dickinson, as provided and authorized by Section 6648.14a, as amended, of the Code. The Commissioner of Finance & Taxation then notified by registered letter the City officials of Chattanooga of the filing of this petition and that a hearing would be had on a fixed date. At the date of this hearing the City officials of Chattanooga failed to appear and did not present any evidence or reason why they had refused Polsky a certificate of good moral character. This hearing was attended by counsel for Polsky and the Honorable M. P. Rice, Assistant Attorney General for the State. The present record contains a certified transcript of this hearing. After the hearing the Commissioner issued Polsky a license for the year 1953. At this hearing Polsky was examined and testified somewhat in detail about why he thought a certificate was refused him. He went into detail to the effect that on the night of November 1, 1952, certain police officers of Chattanooga had accused him of selling liquor after hours. He attempted to make an explanation of this and apparently did so to the satisfaction of the Commissioner as he issued a license as aforesaid after this hearing.

When the time for application for a license for the year 1954 came around Polsky again applied to the City Fathers of Chattanooga for a certificate of good moral character. These officials refused this certificate. Again Polsky filed a petition with the present Commissioner of Finance & Taxation, the Honorable Z. D. Atkins. Of this hearing the City officials of Chattanooga were again notified and appeared on the day of hearing represented by counsel. The Commissioner was also represented by Mr. Foutch, Assistant Attorney General of the State. The record of the hearing of the previous year was introduced at this hearing. Polsky was again examined and certain police officers of the City of Chattanooga were examined as to Polsky's acts on November 1, 1952. The City of Chattanooga answered this petition setting forth why they had not issued a certificate of good moral character and denied that Polsky should be issued a license. To this answer, which was sworn to, they attached as a part thereof a letter from Dr. McCallie, head of the McCallie School for Boys which set forth in effect that a minor student of his school had purchased whisky from Polsky on October 11, 1952 and set forth his objection of Polsky being granted a license. After this hearing the Commissioner denied a license to Polsky. As said before, on certiorari being granted by the Circuit Court of Davidson County this ruling of the Commissioner was reversed.

There are a number of interesting questions raised in the excellent briefs of counsel and these were likewise ably presented at the bar of this Court.

The Act as amended, Code Supp. 1950, Section 6648.17, provides that if a license is revoked or one is refused by the Commissioner the losing party may petition the Circuit Court of Davidson County for certiorari and that

Court will then hear the case on the record as made up before the Commissioner. The Act also provides that the Commissioner has the right and authority to summon any and all witnesses necessary for the hearing and that these witnesses may claim their attendance, mileage, etc., for attending this hearing. Thus we see that it was the intention of the Legislature to give these parties whose license was revoked or who were not allowed a license, and the State likewise, to at least have their day in court in what at least amounted to somewhat of a court action. This obviously was done likewise so that the powers that be might not arbitrarily refuse one a license or grant a license to another merely because they liked the color of his hair or not. In other words the granting of this license was put on a different basis. It was put on a basis where if the party that had a license had been accused of doing something wrong he had a right to explain and then on this evidence the Commissioner should act in a discretionary manner. Since these licenses are to be renewed annually apparently it was the purpose of the Legislature to keep these things before the supervising authorities so that each year they would have to renew their licenses and if they had committed any acts in the past year contrary to good morals which one in this type of business should not be doing their license could be revoked.

⬛ Of course we are well aware of the fact that this Court on many occasions has announced the rule that a license of the kind here sought to be granted "is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful." *Wright* v. *State*, 171 Tenn. 628, 106 S. W. (2d) 866, 870; *Huffer* v. *State*, 178 Tenn. 644, 646, 162 S. W. (2d) 381, 382; *Henderson* v. *Grundy County Beer Committee*, 176

Tenn. 397, 402, 141 S. W. (2d) 901, 903, and others. Even though this license is not a property right yet it is obvious that the Legislature intended that the party desiring the license or holding the license had some rights and should be accorded a fair hearing in the matter. In view of this fact we feel that since Commissioner Dickinson granted the license to Polsky for the year 1953 on evidence that was sought to be introduced against the 1954 license or at least on such evidence as was within the bosom of the City officials of Chattanooga, even though they did not see fit to present it, that this is binding on the present Commissioner and that on that alone the license should have been awarded, there being nothing new against the applicant arising since the action on the 1953 license. Fair play demands such a holding. It of course amounts to the doctrine of res judicata to this kind of a proceeding.

"The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent."

30 Am. Jur., Section 165, Judgments, Page 911. We therefore conclude that for this reason and this alone, that is, since all the evidence offered or attempted to be offered which is sought to prevent this party from obtaining a license was before the powers that be at the time another license was granted cannot now be offered and prevent this party from being issued a license.

Cases pro—*Cardinal Bus Lines* v. *Consolidated Coach Corp.*, 254 Ky. 586, 72 S. W. (2d) 7, and, *In re Whitford's Liquor License*, 166 Pa. Super. 48, 70 A. (2d) 708, are

cited as well as 42 Am. Jur. Section 161 Pages 521 and 522 in reference to whether or not the doctrine of res judicata applies to orders of administrative agencies or boards. Be this as it may we feel that fair play and the statutes enacted by the Legislature hereinabove referred to authorizing a proceeding of this kind demand that the doctrine should be applied. Under such circumstances we feel, especially when there is no evidence of any purported violation since the hearing was had, that the license should be granted.