WILLIAM RUTLEDGE v. MAUDELL RUTLEDGE.

*(Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

MARY GUIDI, of Memphis, for appellant.

IRVING M. STRAUCH, of Memphis, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This cause comes here from a decree of the Chancery Court of Shelby County, sustaining a demurrer to the bill of the complainant William Rutledge, seeking to set aside and have declared null and void the judgment of the Circuit Court of Shelby County, affirmed by the Court of Appeals, and this Court, 196 Tenn. 438, 268 S. W. (2d) 343, awarding the defendant Maudell Rutledge a divorce and alimony.

The theory of complainant's bill is that at the time he married Maudell Rutledge he had a living wife Evalena Marks Rutledge, whom he married in 1922, and that he had never been divorced from the said Evalena Marks Rutledge; that later on he married the defendant Maudell Rutledge at Marion, Arkansas, but by his bill the complainant insists that the second marriage was of no legal effect on account of the fact there was a previous subsisting marriage.

Heretofore Maudell Rutledge filed her bill in the Circuit Court of Shelby County, against this complainant William Rutledge, setting up cruel and inhuman treatment, sought alimony and divorce. This suit was contested by complainant and much proof was taken. The Circuit Court awarded the defendant, Maudell Rutledge, a divorce and alimony consisting among other things of certain real estate in the City of Memphis. From that judgment an appeal was taken to the Court of Appeals at

Jackson, and the action of the Circuit Judge was in all respects affirmed.

It appeared in that case that the complainant, William Rutledge, did not preserve his proof by bill of exceptions, and the Court of Appeals ruled that the presumption was that the second marriage was legal. Certiorari was denied by this Court.

The present bill charges that complainant, William Rutledge, and the defendant, Maudell Rutledge, were never at any time husband and wife legally; that the complainant, William Rutledge, at the time he attempted the purporting marriage with the defendant in Marion, Arkansas, was legally bound by his first marriage to Evalena Marks Rutledge.

The present bill also charges that complainant, William Rutledge, at no time or place ever filed a suit or obtained a divorce dissolving his first marriage to Evalena Marks Rutledge.

Furthermore, that the first wife of complainant Evalena Marks Rutledge, at no time or place ever filed a suit for or obtained a divorce from William Rutledge, dissolving her marriage with him.

The defendant, Maudell Rutledge, filed her demurrer to the present bill on the ground that all of the matters complained of in the bill were res judicata, and that the present bill was an effort to collaterally attack a valid judgment of the Circuit Court of Shelby County.

We find no error in the decree of the Chancellor sustaining the demurrer. We think the plea of res judicata is good.

A final judgment or decree of the Court of competent jurisdiction, once pronounced upon a question directly involved in the action, is conclusive between the

parties. *Beare* v. *Burnett,* 162 Tenn. 610, 39 S. W. (2d) 737.

██ In the present suit the complainant is simply attempting to re-litigate the questions of fact heretofore adjudicated in the suit, and attempting to have a Chancery Court set aside a judgment of the Circuit Court, where all of the parties were before the Court, and that Court had full jurisdiction to determine the matters.

In *Polsky* v. *Atkins,* 197 Tenn. 201, [1954], 270 S. W. (2d) 497, 499, it is stated:

" 'The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent.' " 30 Am. Jur. Section 165, Judgments, page 911.

In the present cause the complainant availed himself of the jurisdiction of the Circuit Court of Shelby County, where the matters were fully adjudicated and then by appeal to the Court of Appeals and then to this Court, he now seeks to collaterally attack the validity of a former decree.

Where the Circuit Court has jurisdiction of parties and of subject-matter of suit for annulment of marriage, errors, if any, could be corrected only by appeal, and judgment could not be collaterally attacked. *Southern Ry. Co.* v. *Baskette,* 175 Tenn. 253, 133 S. W. (2d) 498.

██ The complainant here, William Rutledge, had full opportunity to present his case and his evidence in the former suit. The matters and things there were adjudicated against him and his present bill shows no ground for interference with the Circuit Court of Shelby County,

which had full jurisdiction to determine the matters before it.

As was well stated by the Chancellor in disposing of the demurrer in the Court below:

"The energy, diligence and perseverance of Counsel for complainant justify rewards which the Court cannot judicially bestow."

We find no error in the decree of the Chancellor of Shelby County in this cause and it is affirmed.