BETTY BORING and STEVEN DALE BORING,
b/n/f Betty Boring,

*v.*

JAMES L. MILLER and GARY D. LAWSON.

386 S.W.2d 521.

(*Knoxville,* September Term, 1964.)

Opinion filed January 29, 1965.

HUBERT D. PATTY, Maryville, for Betty Boring and Steven Dale Boring.

D. K. THOMAS, Maryville, for James L. Miller and Gary D. Lawson.

MR. JUSTICE FELTS delivered the opinion of the Court.

Steven Dale Boring, a minor, by next friend, sued the defendants, James Miller, Gary D. Lawson, and Horace Boring, for $25,000.00 damages resulting from a collision between an automobile owned and driven by Horace Boring and an automobile owned by Miller and driven by Gary D. Lawson. Betty Boring, the mother of Steven Boring, by separate counts, sued for $5,000.00 damages for loss of services of the child and medical expenses.

It appears from the declaration that Horace Boring is the father of the child, but that Betty Boring has the exclusive custody. It further appears that Steven Boring

was a passenger in the automobile operated by his father.

Defendants Miller and Lawson fild a plea to the declaration, setting up a final judgment of the General Sessions Court of Blount County in favor of James L. Miller and against Horace Boring for $400.00 damages to Miller's car, and averring that the issue of negligence had been finally adjudicated, estopping the plaintiffs from a recovery. A general denial was also plead. A copy of the judgment of the General Sessions Court was filed.

The plaintiffs moved the court to strike the plea of prior adjudication on the ground, among others, that the parties and causes of action were not the same. The trial court, W. Wayne Oliver, Judge, denied the motion, sustained the plea as a matter of law, and dismissed the action as to defendants Miller and Lawson. Plaintiffs took a non-suit as to Horace Boring, and appealed in error directly to this Court.

The one question necessary for the determination of this case is whether the General Sessions judgment against Horace Boring was conclusive of the issues of negligence in this suit by Betty and Steven Boring.

A judgment on the merits exhausts the cause of action on which it was based, and is an absolute bar to a subsequent suit between the same parties and their privies upon the same cause of action. *Cheatham v. Allen,* 192 Tenn. 535, 539, 241 S.W.2d 559 (1951); *Polsky v. Atkins,* 197 Tenn. 201, 206, 270 S.W.2d 497 (1954); *Rutledge v. Rutledge,* 198 Tenn. 665, 667-668, 281 S.W.2d 666 (1954); *National Cordova Corp. v. City of Memphis,* 214 Tenn. 371, 380 S.W.2d 793, 796.

■ The former judgment also estops the parties and their privies in any other cause of action to relitigate any matter which was actually determined in the prior suit. *Cantrell v. Burnett & Henderson Co.,* 187 Tenn. 552, 556-557, 216 S.W.2d 307 (1948).

■ However, it is well settled that only parties to the suit and those in privity with them are bound by the judgment. *Stephens v. Jack,* 11 Tenn. (3 Yerg.) 403 (1832); *Cope v. Payne,* 111 Tenn. 128, 130, 76 S.W. 820 (1903); *Harris v. Buchignani,* 199 Tenn. 105, 112, 285 S.W.2d 108 (1955). In the case at bar neither the parties nor the causes of action are the same as those in the prior suit; nor does either of the plaintiffs in this suit stand in privity with any party in the prior suit.

The cause of action involved in the prior adjudication was for property damages to Miller's car. The causes of action involved in the present controversy are (1) for the minor's personal injuries and (2) for the mother's loss of services of the child and medical expenses incurred.

■ ■ It is the rule in this State that the cause of action of the minor for personal injuries and the cause of action for loss of services by the parent are separate and distinct, and a recovery or failure to recover in an action by one does not estop the other from prosecuting his cause of action against the defendant. *Guy v. Lumber Co.,* 93 Tenn. 213, 23 S.W. 972 (1893); *Forsyth v. Central Mfg. Co.,* 103 Tenn. 497, 53 S.W. 731 (1899). Therefore, the judgment for Miller against Boring, the father, in the prior suit could in no way bind the child or affect his rights to recover for his injuries in the present suit.

■ ■ In addition, we think the cause of action for loss of the child's services and medical expenses belongs

to the mother, where, as here, she has exclusive custody and is entitled to the services of the child. *Kenner v. Kenner,* 139 Tenn. 211, 201 S.W. 779 (1917); *Churchill v. Churchill,* 203 Tenn. 406, 410, 313 S.W.2d 436 (1958); T.C.A. secs. 34-101, 20-105. Therefore, since Horace Boring could not have sued for loss of services of the child, the prior judgment against him could not possibly have affected the cause of action of the mother for loss of services and expenses.

█ █ Nor do we think plaintiffs were in privity with Horace Boring so as to estop them from litigating the question of negligence. To be in privity with a party to litigation, the person must have had an interest in the action. *Barnes v. Fort,* 181 Tenn. 522, 536, 181 S.W.2d 881 (1944); *Fultz v. Fultz,* 180 Tenn. 327, 330, 175 S.W.2d 315 (1943).

█ Neither the child nor his mother appear from the pleadings to have had any interest in the previous action, which involved Miller's claim for property damage to his vehicle. Of course, plaintiffs are interested in proving the same set of facts involved in the prior litigation. However, this fact alone is insufficient to show privity.

█ Thus, we think it is clear that plaintiffs in this case were in no way bound by the judgment in the earlier case. Therefore, the record of the prior litigation between Miller and Horace Boring was inadmissible for any purpose. *Guy v. Lumber Co.,* supra, 93 Tenn. 215, 23 S.W.2d 972.

█ For these reasons, we think the action of the Trial Judge in sustaining the plea as a matter of law and dismissing the action as to Miller and Lawson was error;

and it is, therefore, reversed and the case remanded to the trial court. The costs are adjudged against defendants in error Miller and Lawson.