IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 14, 2014 Session

# KEM RALPH, ET AL. V. SCRUGGS FARM SUPPLY LLC, ET AL.

**Appeal from the Chancery Court for Tipton County**
**No. 31212     William C. Cole, Chancellor**

_____

**No. W2014-00841-COA-R3-CV - Filed December 17, 2014**

_____

This consolidated appeal stems from the attempted foreclosure of real property in Tipton and Haywood County.  In commencing the present case, Plaintiffs filed complaints in Chancery Court in both Tipton and Haywood County seeking to enjoin foreclosure and to obtain an accounting of the financial transactions between them and Defendants.  Both trial judges found that Plaintiffs' claims were barred by the doctrine of res judicata.  We affirm.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON J. and KENNY ARMSTRONG, J. joined.

Randy C. Camp, Gadsden, Tennessee for appellant, Kem Ralph and Thomas Strawn, Dyersburg, Tennessee, for the appellants, Roger Ralph, Ralph Brothers Farms, and Ralph Investment Services Trust.

Lyle Reid and Amber Shaw, Covington Tennessee, for the appellee Scruggs Farm Supply LLC.

John L. Ryder, Memphis, Tennessee  for the appellees, Scruggs Farm Supply, LLC and William P. Moss, III, Substitute Trustee.

## OPINION

### I. Background and Procedural History

Defendant Scruggs Farm Supply, LLC ("Scruggs"), is a farm implement company in

Tupelo, Mississippi, which has conducted business with the Plaintiffs for many years preceding this lawsuit. Historically, Scruggs sold Plaintiffs farm supplies and equipment on credit. In 2002, Plaintiffs Kem Ralph and Roger Ralph executed a promissory note in the amount of $1,000,000.00 in Scruggs' favor, wherein interest was set at the rate of 8% per annum. The note was secured by a deed of trust signed by Kem and Roger Ralph, both in their individual capacities, and in their roles as partners for Ralph Brothers Farms[1]. As set forth in the deed of trust, real estate situated in Tipton County, Haywood County, and Shelby County was to serve as security for the Ralphs' obligations.

In 2006, Kem Ralph filed for bankruptcy under Chapter 11 in the United States Bankruptcy Court, Western District of Tennessee. Ralph Brothers Farms soon followed by filing its own Chapter 11 bankruptcy in 2007, and in 2009, Roger Ralph also filed for Chapter 11 bankruptcy protection. During the bankruptcy proceedings, the promissory note signed by the Ralphs became an issue, and inquiry was made into its priority relative to the claims of creditors other than Scruggs.

In August 2009, consent orders were entered in both Kem Ralph and Roger Ralph's bankruptcy cases. The orders, which had been preceded by the filing of Plaintiffs' Emergency Motions to Compromise and Settle Claims, set out the terms of a settlement between the parties. The orders acknowledged that the Ralphs desired to clarify Scruggs' claims, and in reciting that the proposed settlements were fair and equitable, the consent orders provided that Scruggs be allowed a secured claim in the amount of $1,000,000.00. Interest on Scruggs' claim prior to and through July 31, 2009, was waived, and interest accruing after July 31, 2009, was set at the rate of prime plus 2%. The consent orders also reflected other waivers of rights by Scruggs in connection with the settlement, including its release of liens on certain farms owned by Plaintiffs and other non-debtors. Although Plaintiff Ralph Investment Services Trust was not a party to the bankruptcy proceedings, both consent orders stated that the trust consented to the issuance of the consent orders.

Several years passed, and in 2012, Kem and Roger Ralph filed motions to partially set aside the consent orders previously entered by the bankruptcy court. The impetus for the Ralphs' requests for relief was their completion of an extensive audit in which they determined that the basis on which they had agreed to fix Scruggs' claim was erroneous. Specifically, as argued by Plaintiffs in their briefs on appeal, a collateral finding of the audit showed that Scruggs' claim of $1,000,000.00 had been satisfied prior to the filing of the bankruptcies.

By order dated November 26, 2012, the bankruptcy court denied the Ralphs' motion to set aside the consent orders and noted that the equities of the case did not warrant a reconsideration of Scruggs' claim. The court observed that the consent orders did not simply allow Scruggs' claim, "but dealt with numerous other issues necessary to the global

---

[1]Ralph Brothers Farms is identified in both chancery court complaints as a Tennessee partnership comprised of Plaintiffs Kem and Roger Ralph.

settlement of contested issues envisioned by the Emergency Motions." Although the Ralph brothers later filed another motion seeking to alter or amend the judgment order in bankruptcy court, this motion was denied on January 7, 2013. On August 27, 2013, the Bankruptcy Appellate Panel of the Sixth Circuit affirmed the action of the bankruptcy court. Subsequent to the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's decision, the Ralph brothers dismissed their Chapter 11 bankruptcy cases, and soon thereafter, Scruggs initiated foreclosure proceedings on secured parcels in Tipton and Haywood County in order to collect on the debt owed pursuant to the promissory note.

In February 2014, Plaintiffs filed verified complaints in Chancery Court in both Tipton and Haywood County seeking to enjoin the scheduled foreclosures and to obtain an accounting of the financial transactions between them and Defendants. Shortly after the complaints were filed, the parties entered into consent orders granting the Plaintiffs' applications for temporary restraining orders, but Defendants subsequently mounted a defense to Plaintiffs' claims generally, moving to dismiss them on grounds that they were barred by the doctrine of *res judicata*. From the Defendants' perspective, the litigation in bankruptcy court barred maintenance of the present lawsuits. After conducting hearings on Plaintiffs' requests for temporary injunctions, both trial judges made findings that the claims asserted by Plaintiffs were, in fact, barred by *res judicata*. Plaintiffs now appeal. Given the presence of the same parties in both chancery lawsuits and the common questions of law and fact appertaining thereto, we have consolidated the Tipton and Haywood County cases for purposes of our adjudication herein.

## II. Issue Presented

On appeal, Plaintiffs raise one issue for review, which we have restated as follows: Whether the Plaintiffs' chancery court actions seeking injunctive relief and an accounting are barred by the doctrine of *res judicata* due to the entry of consent orders in the bankruptcy proceedings.

## III. Standard of Review

In reviewing any findings of fact by the trial court, our review is *de novo* "upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). We review a trial court's conclusions on questions of law *de novo*, but no presumption of correctness attaches to the trial court's legal conclusions. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

## IV. Discussion

"The doctrine of res judicata . . . bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (citations omitted). The doctrine "is a 'rule of rest' and 'private peace[,]'" *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976) (citation omitted), and it serves to "promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009) (citations omitted). "The policy rationale in support of Res judicata is not based upon any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation." *Moulton*, 533 S.W.2d at 296.

To successfully establish a defense based on *res judicata*, a party must demonstrate that the underlying judgment was rendered by a court of competent jurisdiction, that the same parties or their privies were involved in both suits, that the same cause of action was involved in both suits, and that the underlying judgment was final and on the merits. *Smith*, 387 S.W.3d at 491 (citations omitted). "A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." *Id.* (citation omitted).

On appeal, Plaintiffs challenge the trial courts' findings that the chancery actions are barred by the doctrine of *res judicata* in two respects. Although they concede that the bankruptcy court was a court of competent jurisdiction and further concede that their chancery court cases and the bankruptcy proceedings involved the same cause of action for purposes of *res judicata*, they contend that the prior judgments of the bankruptcy court were not final judgments rendered as a result of a hearing on the merits and that the bankruptcy court actions did not involve the same parties present in the chancery cases. Having closely considered Plaintiffs' arguments, we find that they are not well-taken. Like both trial courts, we find that Plaintiffs' chancery actions are barred by the doctrine of *res judicata*. As there is no dispute over whether the bankruptcy court was a court of competent jurisdiction or whether the cause of action in bankruptcy was the same for *res judicata* purposes as that involved in chancery, we now turn our attention to Plaintiffs' specific arguments concerning why the consent orders entered in bankruptcy should not be given preclusive effect.

In arguing against the trial courts' disposition of their cases, Plaintiffs stress that at no point in the bankruptcy proceedings was a hearing on the merits conducted. This point of emphasis, they suggest, countenances against the findings of claim preclusion that were established in both the Tipton and Haywood County cases. Very simply, they contend that the *res judicata* defense is not supportable in as much as the prior judgments entered by the bankruptcy court were not final judgments rendered as a result of a hearing on the merits.

This position misconstrues the law. What is required for the establishment of the *res judicata* defense is a finding that the prior judgment at issue was both *final* and *on the merits*. *See Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998). As has been pointed out by Scruggs, Plaintiffs attempt to engraft into the standard a requirement that a "hearing on the merits" must occur in order for the procedural bar to apply. Such a requirement is not necessary in order for a party to establish *res judicata*. Indeed, the fact that a formal judicial hearing did not occur in bankruptcy court regarding the debt owed does not prevent the consent orders that were entered from being considered on the merits. "'Generally, a consent judgment operates as *res adjudicata* to the same extent as a judgment on the merits.'" *Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (citing *Horne v. Woolever*, 163 N.E.2d 378, 382 (Ohio 1959)). *See also Third Nat'l Bank v. Scribner*, 370 S.W.2d 482, 486–87 (Tenn. 1963) (providing that a consent decree has *res judicata* effect). Although Plaintiffs assert that the prior bankruptcy judgments should not be given preclusive effect because they were orders by consent, this position is not tenable in light of the relevant law.

In addition, it is clear that the orders entered in bankruptcy court were final. Although Kem and Roger Ralph sought to partially set aside the consent orders several years after they were entered, the bankruptcy court denied this attempt by order dated November 26, 2012. A later filed motion to alter or amend was also denied by the bankruptcy court on January 7, 2013. The bankruptcy court's actions were subsequently affirmed by the Bankruptcy Appellate Panel of the Sixth Circuit on August 27, 2013.

Plaintiffs also argue that the bar of *res judicata* should not apply because the bankruptcy court action did not involve the same parties that are present in the chancery court lawsuits. It is true that under the law, *res judicata* will only apply where "the same parties or their privies were involved in both suits[.]" *Smith*, 387 S.W.3d at 491. In this case, we find that this standard is met.

In their briefs on appeal, Plaintiffs specifically point out that neither Plaintiff Ralph Investment Services Trust, nor Defendant William P. Moss, III, was a party to any of the bankruptcy proceedings. Although this is true, we find that it does not preclude application of the *res judicata* bar. In Plaintiffs' complaints filed in the chancery court actions, Ralph Investment Services Trust is identified as a Tennessee trust of record to which some of the real estate serving as security was transferred. We find that the trust is in privity with the Ralphs for purposes of *res judicata* because it shares an identity of interest with them based on the facts of the case. "To be in privity with a party to litigation, the person must have had an interest in the action." *Boring v. Miller*, 386 S.W.2d 521, 523 (Tenn. 1965) (citations omitted); *see also Cotton v. Underwood*, 442 S.W.2d 632, 634–35 (Tenn. 1969) (stating that "privies are not only those who are so related by blood and law, but are those who are so related by reason of the facts showing an identity of interest"). In this case, the records are quite clear that the trust shared an identity of interest with the Ralphs with respect to the result reached in bankruptcy court.

Although not a party to the actual bankruptcy proceedings, the trust was, in fact, a party to the global settlement that was before the bankruptcy court. Such was acknowledged on the second page of both consent orders by the following language: "Debtor, as well as Roger Ralph, Ralph Brothers Farms, non-debtor Donna Ralph, non-debtor Ralph Investment Services Trust, Monsanto and Scruggs have also consented to the Motion and the issuance of this Order." This by itself confirms that privity was established by an identity of interest.[2]

With respect to the fact that Defendant William P. Moss, III, was not a party to the bankruptcy proceedings, we again find that this does not preclude application of the *res judicata* bar. As identified in the complaints filed in chancery court, Mr. Moss is the Substitute Trustee for Defendant Scruggs. By the very nature of his appointment as Substitute Trustee, Mr. Moss is in privity with Defendant Scruggs. Given the privity established between the parties, the absence of mutuality of the parties between the bankruptcy and chancery proceedings does not preclude the maintenance of a *res judicata* defense.

In essence, by way of instituting the chancery court proceedings, Plaintiffs have endeavored to collaterally attack the bankruptcy court's establishment of the debt owed to Scruggs pursuant to the promissory note. They claim that an audit conducted after the entry of the consent orders revealed that they had agreed to fix Scruggs' claim for an erroneous amount, and when no relief was forthcoming in bankruptcy court, Plaintiffs sought relief in chancery court in an attempt to determine what debt they owed to Scruggs. The amount of debt owed was already determined by way of the consent orders, and the chancery court proceedings cannot be maintained in light of that fact. As we have determined, the bankruptcy court was a court of competent jurisdiction, the cause of action for the purposes of *res judicata* was the same in bankruptcy court as it was in chancery, the parties or their privies were the same in both suits, and the prior judgments in bankruptcy were final and on the merits. *Res judicata* applies.

Although Plaintiffs have reminded the Court that "[a] prior judgment . . . does not prohibit the later consideration of rights that had not accrued at the time of the earlier proceeding or the reexamination of the same question . . . when the facts have changed or new facts have occurred that have altered the parties' legal rights and relations[,]" *Huggins v. McKee*, 403 S.W.3d 781, 787 (Tenn. Ct. App. 2012), this legal principle does not have any bearing on the impact the *res judicata* doctrine should have in this case. Plaintiffs' audit may have taken place after the entry of the consent orders, but Plaintiffs have alleged no facts stating that the debt owed to Scruggs was any different than it was at the time of the entry of the consent orders. It must be emphasized that, in bankruptcy,

---

[2]We note that the language of the consent orders also specifically acknowledges that Plaintiff Ralph Brothers Farms consented to the issuance of the consent orders as part of the global settlement agreement.

Plaintiffs agreed to the entry of the consent orders establishing the amount of debt due to Scruggs. In order to preserve the finality of litigation, we cannot allow Plaintiffs to relitigate the amount of debt owed, which is the precise aim of their chancery court actions. Again, "[t]he policy rationale in support of Res judicata is not based upon any presumption that the final judgment was right or just. Rather, it is justifiable on the broad grounds of public policy which requires an eventual end to litigation." *Moulton*, 533 S.W.2d at 296. Despite Plaintiffs' pleas that they never were allowed to put on proof of Scruggs' claim in the bankruptcy proceedings and their present desire to conduct an accounting in chancery court, they consented to the fixing of the debt due to Scruggs in bankruptcy. Those prior judgments are final, and we see no reason why Plaintiffs should be allowed to now collaterally attack them by way of an accounting in the chancery actions. As the Tennessee Supreme Court has remarked, "'[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Creech*, 281 S.W.3d at 379 (alteration in original) (citing Restatement (Second) of Judgments § 24(1)). As the amount of the debt owed to Scruggs was determined by way of the consent orders in bankruptcy, a second inquiry into that question in state court is not permitted. *See Cotton*, 442 S.W.2d at 635 ("'It is a fundamental principle of jurisprudence that material facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions becomes Res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action whether the subsequent action involves the same or a different form or proceedings[.]'") (citation omitted).

Lastly, we note that Defendants have urged this Court to award them attorneys' fees against Plaintiffs by arguing that Plaintiffs' action is moot and that the appeals taken are frivolous. In advancing this argument, they contend that the disputed debt has now been paid by Plaintiffs and state that foreclosure proceedings are no longer pending. As was conceded by counsel for Defendants at oral argument, however, there is nothing in the records transmitted to us confirming that the $1,000,000.00 debt owed to Scruggs has been paid by Plaintiffs. Moreover, we note that Defendants filed neither a motion to supplement the records, nor a motion to consider post-judgment facts. Accordingly, we deny Defendants' request for an award of attorneys' fees.

### V. Conclusion

For the foregoing reasons, we find that the trial courts did not err in determining that Plaintiffs' claims are barred by the doctrine of *res judicata*. The final judgments in

both the Tipton and Haywood County cases are hereby affirmed. Costs on appeal are assessed against the Plaintiffs/Appellants, for which execution shall issue if necessary.

_____

ARNOLD B. GOLDIN, JUDGE