Marshall, C. J.
 

 The municipal court had unquestioned jurisdiction to enter the personal judgment and order of foreclosure. It also had jurisdiction over the cross-petition, which sought to have the notes and mortgage declared invalid and canceled. On the other hand, the common pleas court had jurisdiction over the action in replevin to determine the possession and right of possession of the personal property described in the mortgage, and it also had jurisdiction over the issues raised by the cross-petition, and had a right to enter the decree finding the notes and mortgage void, and entering judgment of cancellation.
 

 The petition in replevin involved only possession and right of possession, but the cross-petition praying cancellation of the notes and mortgage raised a much broader issue, and the court, by virtue of the issue so raised, had a right to determine, and did in fact determine, not only that Clark was not entitled to possession, but also that the notes and mortgage were invalid.
 

 In each court the judgment was responsive to the issues raised by the respective cross-petitions; each judgment was within the jurisdiction of the
 
 *440
 
 court. The earlier decision of the municipal court having declared the notes valid, and the later decision of the common pleas court having declared them to be invalid, and the common pleas court having no knowledge of the earlier decision, this record presents a clear question as to which judgment should prevail.
 

 It is conceded by Baranowski that, if the judgment of the municipal court had been pleaded in the action in the court of common pleas, it would have been a bar to the relief prayed in the cross-petition, and that it would clearly have been the duty of the common pleas court to have sustained that plea.
 

 The Court of Appeals decided and declared in its judgment of reversal that the later judgment is valid, and that the former judgment is null and void, and the correctness of that judgment of reversal is the sole question before this court.
 

 In cases where there is identity of parties and subject-matter, it is the settled law of this state that a former judgment is conclusive between the parties, not only as> to matters actually determined but also as to any other matters which could, under the rules of practice and procedure, have been determined. There was complete identity of parties, subject-matter and issues between the suit in the common pleas and that in the municipal court. This is fully set forth in the cross-petition, and admitted by the demurrer. The doctrine of
 
 res adjudicada,
 
 if applicable and established, treats the former judgment as a final determination, and as speaking the infallible truth as to the rights of the parties in the subject-matter of the controversy,
 
 *441
 
 [t is treated by the courts as a branch of the law of estoppel, and, like estoppel, may be waived. The former judgment not having been pleaded in the latter trial,' this entire controversy narrows down to the single question whether it was necessary to plead it, and whether the failure to do so amounted to a waiver. More concretely expressed, the question is whether the doctrine of
 
 res adjudicada
 
 is self-executing, and whether the courts are bound to take judicial notice of a former judgment.
 

 This is not a question of first impressions in this state, the identical question having received the attention of this court in two cases where that issue was squarely made, and in another where it was more remotely treated. In the case of
 
 Fanning
 
 v.
 
 Insurance Co.,
 
 37 Ohio St., 344, the second proposition of the syllabus is pertinent and decisive:
 

 “If the plaintiff relies on a record of a former adjudication of the same matter set up in an answer as an estoppel, he should plead such former judgment. It is not admissible in evidence under a general or special denial of the new matter contained in the answer.”
 

 That case was disposed of on a question of evidence. In the instant case the former adjudication was not in any manner brought to the attention of the trial court.
 

 In the case of
 
 Meiss
 
 v.
 
 Gill,
 
 44 Ohio St., 253, 6 N. E., 656, the following rule was declared in the syllabus:
 

 “When a party claims a former adjudication of matter set up in an action to be an estoppel, such judgment should be pleaded; and, where the same
 
 *442
 
 is not pleaded when it can he, it is not evidence conclusive of an estoppel, and testimony may be given to show the truth.”
 

 The opinion in that case cites and quotes with approval a similar proposition, declared in
 
 Howard
 
 v.
 
 Mitchell,
 
 14 Mass., 241. The same principle has been approved in
 
 Seymour
 
 v.
 
 Hubert, 92
 
 Pa., 499; and in
 
 Cherry
 
 v.
 
 York
 
 (Tenn. Ch. App.), 47 S. W., 184. In a later case decided by this court,
 
 Brigel
 
 v.
 
 Creed,
 
 65 Ohio St., 40, 60 N. E., 991, this court discussed the conclusiveness of judgments, and the proposition that a note and mortgage once adjudicated become merged in the judgment and no longer exist as a note and mortgage, and yet in that case the court was careful not to overrule the case of
 
 Fanning
 
 v.
 
 Insurance Co., supra,
 
 and pointed out the distinguishing features. The judgment of the Court of Appeals could not be reversed without overturning the former decisions of this court, and its judgment must therefore be affirmed.
 

 Judgment affirmed.
 

 Robinson, Jones, Matthias, Day, Allen, and Conn, JJ., concur.