NASH WOODLAND MOTOR CO. *v.* LUSK.

(Decided February 6, 1928.)

*Messrs. Davis, Young & Vrooman,* for plaintiff in error.

*Mr. Stephen M. Young,* for defendant in error.

HOUCK, J. In the lower court the plaintiff in error, Nash Woodland Motor Company, was defendant, and the defendant in error, Charles F. Lusk, was plaintiff. However, hereafter, for convenience, the parties will be referred to as they stood in the common pleas court.

The following is a brief history of the facts, which are not in dispute:

About April 23, 1925, the plaintiff brought a suit for damages in the sum of $7,500 for personal injuries alleged to have been received on April 16, 1925, against the Nash Woodland Motor Sales Company, a corporation. An answer was filed, in which the defendant admitted its corporate capacity, and

344

the case was tried to a jury on or about March 8, 1926, on an amended petition and an amended answer to same, resulting in a verdict for the plaintiff in the sum of $5,000. During the trial the plaintiff called Louis Klein for cross-examination to establish agency of the driver of defendant's automobile, and that the automobile in question was owned by the Nash Woodland Motor Company, a partnership consisting of Morris Klein and Louis Klein. Counsel for plaintiff did not ask for a substitution of parties defendant. Upon the return of the verdict by the jury for the plaintiff in the sum of $5,000, the defendant filed a motion for a new trial, which was overruled, and error proceedings were prosecuted to the Court of Appeals.

On March 23, 1926, suit was filed by the plaintiff in the municipal court of Cleveland against Morris Klein and Louis Klein, doing business as Nash Woodland Motor Company. This action was for damages to plaintiff's automobile as a result of the same accident as the personal injury case in the common pleas court. The defendants answered to the suit in the municipal court, which, upon trial, resulted in a judgment for $350 for the plaintiff against the defendants, which judgment was paid. In January, 1927, the error proceeding in the common pleas court case was heard by the Court of Appeals, and the judgment was reversed for error in the court's charge, and the case remanded for a new trial.

Upon the return of the case to the common pleas court, the plaintiff filed what he termed an amendment to the amended petition against the Nash Woodland Motor Sales Company, a corporation, and

the Nash Woodland Motor Company, a partnership, consisting of Morris Klein and Louis Klein. In this pleading the plaintiff alleged that the defendant, the Nash Woodland Motor Company, a partnership, was the real party in interest; that the automobile in the accident was owned by the partnership and operated by its servant in its business. Over the objection of the defendant, the court permitted the substitution of the defendant partnership for the corporation, and dismissed the corporation from the case.

An answer was filed by the defendant, consisting of a general denial, and also a defense of *res adjudicata,* by reason of the municipal court case, in which a judgment had been rendered against it as hereinbefore stated. At the trial of the case, defendant's counsel objected to the introduction of any evidence, which objection was overruled by the court. The ground of this objection was that the pleading upon which the court proposed to hear the case, to wit, the amendment to the amended petition, was not a proper pleading, and did not state a cause of action. Upon the trial of the case, and before the opening statement of counsel was made, defendant admitted that the accident was due to the negligence of its driver. The case was tried upon the question of damages and the defense of *res adjudicata,* and a verdict of $7,500 was returned.

Defendant's motion for a new trial was overruled, judgment entered on the verdict, and this cause is now in this court on the part of plaintiff in error, in which a reversal is sought upon the following claimed errors:

First. Error on the part of the trial judge in permitting certain statements by plaintiff's counsel

in the opening statement, in permitting plaintiff to multiply evidence on the question of negligence, and in statements made by counsel for plaintiff in the final argument to the jury.

Second. Abuse of discretion upon the part of the trial judge and misconduct by counsel for plaintiff, by reason of which an excessive verdict was given under the influence of passion or prejudice.

Third. Error in substituting the defendant partnership for the Nash Woodland Motor Sales Company, a corporation, originally defendant in the case.

Fourth. Error in overruling defendant's motion for a directed verdict, and in holding that the defense of *res adjudicata* was not sustained in fact and law.

We have given this case careful consideration, not only as to an examination of the evidence as contained in the bill of exceptions, but as to the statement of counsel to the jury, the argument of counsel to the jury, and the briefs filed by learned counsel.

Claimed errors Nos. 1 and 2 are not sustained by the record. True, in a contested lawsuit, like the present one, it must be expected that technical errors will occur, and this case is no exception, if the record is to be relied upon. However, we find nothing of a prejudicial nature as to the charge of misconduct of counsel and court that would warrant a reversal, or that could fairly be interpreted as prejudicing the jury, thereby causing it to return an excessive amount in damages. Under the state of the record, it would be wholly unwarranted to say that the jury was moved by passion and prejudice, and that the verdict was manifestly excessive.

A judgment will not be reversed on the ground

that the record shows that counsel for the prevailing party was deficient in courtesy and rude in behavior, if it does not show that such conduct was prejudicial to the defeated party. *Toledo Railways & Light Co.* v. *Paulin,* 93 Ohio St., 396, 113 N. E., 269.

Judgment will not be reversed for the misconduct of counsel for the prevailing party in making improper statements during the course of the introduction of evidence, if the reviewing court is unable to state, as a matter of law, that the jury was influenced by such statements to the prejudice of the defendant, or that they were of such a character as might have operated upon the minds of the jurors to the prejudice of the defendant. *Ohio & Western Pennsylvania Dock Co.* v. *Trapnell,* 88 Ohio St., 516, 103 N. E., 761.

In view of the state of the record, we find no error in the action of the trial judge in substituting the defendant partnership for the Nash Woodland Motor Sales Company, a corporation, the original defendant in the case. The service of process in the suit satisfies us that the defendant partnership was not only properly in the common pleas court, but in this court, and we find no prejudicial error in this respect.

Did the trial court err to the prejudice of defendant in not sustaining the motion for a directed verdict, and in holding that the defense of *res adjudicata* was not well taken? The rules of law with reference to the defense of *res adjudicata* are well settled in Ohio. In the case of *Grant* v. *Ramsey,* 7 Ohio St., 157, the court, in the syllabus, holds:

"Where a question of fact has once been tried and adjudicated by a court of competent jurisdiction,

it cannot be re-opened in a subsequent suit between the same parties. They are concluded by the former judgment."

In the case of *Clark* v. *Baranowski,* 111 Ohio St., 436, at page 440, 145 N. E., 760, 761, the following rule is laid down:

"In cases where there is identity of parties and subject-matter, it is the settled law of this state that a former judgment is conclusive between the parties, not only as to matters actually determined, but also as to any other matters which could, under the rules of practice and procedure, have been determined."

In the case now before us it will be observed that the defense of *res adjudicata* is sought to be interposed because of a suit commenced in the municipal court long after the present suit had been brought, and while it was still pending in the common pleas court. It will be further observed that the municipal court is one of limited jurisdiction, while the common pleas court is one of general jurisdiction; also that in the case at bar the municipal court would not have had jurisdiction in the premises. Jurisdiction having first obtained in the common pleas court, we think it was continuous to the end, and the subsequent suit in the municipal court, which was without jurisdiction in the case now under review, would not be a proper defense of *res adjudicata.* The common pleas court having obtained jurisdiction, it could not be deprived of it by the claimed defense of *res adjudicata* in the subsequent suit, and the judgment in the municipal court.

It occurs to us, from a careful and thorough reading of the entire bill of exceptions in this case, that

the doctrine of substantial justice clearly applies here, and, when so applied, it satisfies us beyond any question of the righteousness of the judgment entered in the common pleas.

The term "substantial justice," or "substantial right," involves the idea of a legal right, that is, one in force and protected by law. *Armstrong, Recr.,* v. *Brewing Co.,* 53 Ohio St., 467, 42 N. E., 425, and *North* v. *Smith,* 73 Ohio St., 249, 76 N. E., 619.

Only such error in the trial as manifestly affects the substantial rights of the party complaining will warrant a reviewing court in reversing the award of the jury. *Industrial Commission* v. *Sternat,* 15 Ohio App., 22.

We are unanimous in our conclusion that no prejudicial error has intervened, as disclosed by the record, which would warrant a reversal of the judgment below.

*Judgment affirmed.*

SHIELDS, P. J., and LEMERT, J., concur.

Judges of the Fifth Appellate District, sitting in lace of Judges SULLIVAN, VICKERY and LEVINE, of ιe Eighth Appellate District.