Bell, J.
If, as alleged in the joint answer, the issues raised here were litigated and determined in a prior action, such prior determination will be dispositive of such issues.
The doctrine that a final judgment of a court of competent jurisdiction is conclusive upon the parties or their privies in all subsequent actions as to the points and matters in issue and *34 adjudicated in the first action is one of ancient origin and universal application. It existed in ancient Rome by a plea of exceptio rei adjudicatae and was carried into those countries which came under the sway of the civil law and finally into Anglo-American jurisprudence. 2 Black on Judgments (2 Ed.), Section 501; 2 Freeman on Judgments (5 Ed.), Section 627.
As the principle was used and expanded, it became two different principles or doctrines — res judicata and estoppel by judgment. Although many courts have used these phrases interchangeably, since both principles are actually based on estoppel, a thin line of demarcation has arisen to separate the two principles.
It would appear that the essential difference between res judicata and estoppel by judgment is that in the former there must be an exact identity in parties and in causes of action, whereas the doctrine of estoppel by judgment may apply where the cause of action in the subsequent suit is different. In the former situation, the preceding action is dispositive not only of issues which were actually litigated but also of those which could have been litigated. Covington & Cincinnati Bridge Co. v. Sargent, 27 Ohio St., 233; Roby v. Rainsberger, 27 Ohio St., 674; Petersine v. Thomas, 28 Ohio St., 596; Avery v. Vansickle, 35 Ohio St., 270; Raymond v. Ross, 40 Ohio St., 343; Strangward v. American Brass Bedstead Co., 82 Ohio St., 121, 91 N. E., 988; Rothman v. Engel, 97 Ohio St., 77, 119 N. E., 250; Clark v. Baranowski, 111 Ohio St., 436, 145 N. E., 760; Charles A. Burton, Inc., v. Durkee, 162 Ohio St., 433, 123 N. E. (2d), 432. See, also, Dunham v. Board of Education, 61 Ohio Law Abs., 525, 99 N. E. (2d), 183 (dismissed for want of debatable constitutional question, 155 Ohio St., 594, 99 N. E. [2d], 658).
In the case of estoppel by judgment, only those issues actually litigated and determined in the preceding action are foreclosed so far as subsequent determination is concerned.
An excellent discussion of this distinction is found in Gordon v. Gordon (Fla.), 59 So. (2d), 40, where it is said:
“We have held as a general proposition that when a final decree or judgment of a court of competent jurisdiction becomes absolute it puts at rest and entombs in eternal quiescence every *35 justiciable, as well as every actually adjudicated, issue. This pronouncement is considered by us as controlling only when res judicata is the proper test. By this we mean it is not controlling except in an instance wherein the second suit is between the same parties and is predicated upon the same cause of action as was the first. If the second suit is bottomed upon a different cause of action than that alleged in the prior case estoppel by judgment comes into play and only those matters actually litigated and determined in the initial action are foreclosed — not other matters which ‘might have been, but were not, litigated or decided.’ Prall v. Prall, 58 Fla., 496, 50 So., 867, 26 L. R. A. (N. S.), 977; Bagwell v. Bagwell, supra. The test proper to be applied in a divorce action in order to decide whether the second suit is founded upon a new and separate cause of action is not simply whether a different statutory ground for divorce is asserted but whether the facts necessary to the maintenance of such suit are essentially the same as those which were relied upon to establish plaintiff’s alleged right to a decree in the first action and whether the decree or judgment sought in each requires the same degree of proof to justify or sustain it. If the degree of proof required in the first suit is greater than that required in the second the cause of. action cannot be held to - be the same and estoppel by judgment is the proper test to be applied.
“A great many courts and textbook writers treat ‘res judicata’ and ‘estoppel by judgment’ as synonymous. The most erudite legal minds appear to have difficulty in stating the difference which they consider exists between them. We find no occasion to discuss the slight difference which some authors limn between the terms ‘estoppel by judgment,’ ‘estopped by verdict’ or ‘cohelusiveness of verdict.’ These expressions are ofttimes used interchangeably. Although dissertations have come to our attention in which the doctrine of res judicata is considered as a subdivision or branch of the law of estoppel, strictly and technically speaking, such treatment is not proper. The former is founded upon the sound proposition that there should be an end to litigation and that in the interest of the state every justiciable controversy should be settled in one action in order that the courts and the parties will not be *36 pothered for the same cause by interminable litigation. On the other hand, estoppel rests upon equitable principles. 50 Corpus Juris Secundum, Judgments, Section 593. Even so, the ultimate purpose of estoppel by judgment is to bring litigation to an end. The difference which we consider exists between res judicata and estoppel by judgment is that under res judicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues — that is to say points and questions — common to both causes of action and which were actually adjudicated in the prior litigation.”
The latest expression by this court on the doctrine of estoppel by judgment is in Mansher v. Dealers Transport Co., 160 Ohio St., 255, 116 N. E. (2d), 3. The second paragraph of the syllabus reads:
“The final adjudication of a material issue by a court of competent jurisdiction binds the parties in any subsequent proceeding between or among them, irrespective of a difference in forms or causes of action.”
Since the contract between respondent district and the city of Girard was entered into subsequent to the prior litigation claimed to be the basis for the defense herein, we may assume, at least for the purposes of this decision, that the cause of action is different. Is this, then, a situation calling for the application of the doctrine of estoppel by judgment?
In seeldng the answer to this question, it is necessary to look to the facts alleged in the petition herein and to study the record of the preceding litigation culminating in the decision of this court in Ohio Water Service Co. v. Mahoning Valley Sanitary District, 161 Ohio St., 259, 119 N. E. (2d), 61.
The relief sought by relator is an order directing the board of appraisers of the respondent district to appraise the benefits accruing from the district to all real property within the city of Girard and to appraise any benefits accruing to Girard as a political entity.
*37 The issue is thus raised, in this action in mandamus, whether there is a mandatory duty to make such assessment.
It is contended by relator that this duty arises by virtue of the provisions of Section 6115.43, Bevised Code, which section, so far as pertinent, reads as follows:
“In case any real property within or without any sanitary district is benefited which for any reason was not appraised in the original proceedings, or was not appraised to the extent of benefits received, or in case any person, public corporation, or other district makes use of or profits by the works of any district to a degree not compensated for .in the original appraisal, or in case the board of directors of the sanitary district finds it necessary, subsequent to the time when the first appraisals are made, to take or damage any additional property, the board of directors, at any time such condition becomes evident, shall direct the board of appraisers of the sanitary district to appraise the benefits or enhanced benefits received by such property, or such damages or value of property taken * * \”
As alleged in the petition in this case, the district court, on May 10, 1950, approved a plan for enlarging the facilities of the district, known as “amendment No. 1 to the official plan.” Following that approval by the district court, the board of appraisers of the district, on December 7, 1951, filed a report, pertinent excerpts from which are as follows:
‘ ‘ The board has examined the official plan and amendment No. 1 to the official plan. It has also noted the elements which the original board of appraisers considered as producing benefits from the official plan. The board recognizes that amendment No. 1 enlarges the facilities for supplying, processing and pumping water, thus increasing the quantity but not improving the quality of the water made available to the member cities.
“The board has held a number of hearings on the subject of amendment No. 1 and the resulting benefits. * * * Also attending were representatives of the Ohio Water Service Company of Struthers, Ohio.
i(* # *
“The board has given due consideration to sales of water *38 by member cities to consumers in areas beyond or outside tbe municipal limits. It has been suggested to tbe board that such areas be made a part of tbe district. With tbis we do not agree.
“However, tbe board believes that tbe said areas should pay to tbe cities for all water so furnished an amount sufficient to justify return on capital investment, and pay costs of operation, maintenance and expansion. Tbe board is of opinion that rates should be adjusted to fully reimburse tbe cities for all such charges.
“Tbe board therefore bas appraised benefits to tbe cities of Youngstown and Niles as political entities, and to no other units. It is our opinion that tbis method will best serve the public and taxpayers and provides a satisfactory basis for distributing tbe cost equitably to all benefited units.”
On January 4, 1952, tbe Ohio Water Service Company, relator herein, filed exceptions to tbis report of tbe board of appraisers. Those exceptions read, in part, as follows:
“Now comes tbe Ohio Water Service Company, a property owner and taxpayer of tbe city of Youngstown, and a public supplier of water in communities adjacent to tbe Mahoning Valley Sanitary District, and files these its exceptions and objections to tbe report of tbe board of appraisers of tbe Ma-honing Valley Sanitary District on tbe review of the appraisal of tbe benefits of tbe construction of tbe official plan of tbe Mahoning Valley Sanitary District and to the report of said board of appraisers on amendment No. 1 of the oficial plan of the Mahoning. Valley Sanitary District and says:
“1. That certain areas of Mahoning and Trumbull Counties outside tbe Mahoning Valley Sanitary District have become dependent upon tbe Mahoning Valley Sanitary District for a supply of water for domestic, municipal and public use.
“2. That these areas include but are not limited to tbe following:
i Í # * *
“F. Tbe city of Girard.
í C * * * *
“5. That tbe board of appraisers reporting to tbis court *39 was specifically directed to appraise all benefits accruing, since the original Mahoning Valley Sanitary District appraisal, to lands and properties both within and without the Mahoning Valley Sanitary District from the district’s present facilities, as provided in G. C. Section 6602-72 [now Section 6115.43, Revised Code], but said board of appraisers, contrary to this court’s directive, failed to appraise or apportion the benefits which are being received and enjoyed now by the above-mentioned outside areas from the district’s present facilities.
“6. That, in connection with amendment No. 1 of the official plan of the Mahoning Valley Sanitary District, the board of appraisers was directed to appraise the benefits to all lands outside the Mahoning Valley Sanitary District affected by the proposed Mahoning Valley Sanitary District’s improvements, as provided in G. C. Section 6602-60 [now Section 6115.31, Revised Code], but said board of appraisers, contrary to this court’s directive, failed to appraise or apportion any benefits from the proposed improvements to the above-mentioned outlying areas, which not only have contributed substantially to the need for these proposed improvements, but which are confronted with a probable curtailment of water service unless said improvements are constructed.”
On September 29, 1952, the district court journalized its entry overruling the exceptions and approving the report of the board of appraisers. The pertinent portions of that journal entry read as follows:
VI. This day the above cause came on to be heard upon two reports of the board of appraisers of the Mahoning Valley Sanitary District: The first report being entitled ‘review of appraisal of benefits as between the member cities on account of construction of official plan of district,’ and the second report being entitled ‘report on amendment No. 1 of the official plan.’ Said hearing was also had upon an amendment or recast of the sanitary district appraisal record on amendment No. 1 of the official plan.
“2. The court finds that all proper parties have been served as required by law; that due and proper advertisement of said hearing has been made as required by Section 6602-63 *40 of the General Code of Ohio; * * * that the Ohio Water Service Company and Bose E. Spagnola et al. have both filed objections and exceptions to said reports.
“3. The court finds that it has full and complete jurisdiction to hear and determine all matters involved herein and has jurisdiction over all parties interested herein.
“12. The court now comes to consider that portion of the report of the board of appraisers on amendment No. 1 of the official plan wherein the board of appraisers determined that such areas outside of the two municipalities constituting the district, to which sales of water are made by the member cities, should not be made a part of the Mahoning Valley Sanitary District, which conclusion the court approves. It is, therefore, adjudged and decreed that that portion of the report of the board of appraisers, wherein they conclude that the areas outside the two municipalities, to which areas said municipalities sell water, should not be included in the district be and is hereby approved.
“13. Coming now to consider that portion of the report of the board of appraisers wherein the board of appraisers determine that none of the territory outside of the boundaries of the original district should be assessed, the court approves said conclusion. Wherefore, it is ordered, adjudged and decreed that that portion of the report of the board of appraisers wherein they conclude that none of the territory outside of the original district be assessed or taxed for benefits be and is hereby approved.”
From this decision of the district court, the Ohio Water Service Company, on October 8, 1952, filed a motion for a new trial, reciting as one of the reasons therefor:
“4. That the order, judgment and decree of the court of jurisdiction approving that portion of the report of the board of appraisers finding that areas outside the Mahoning Valley Sanitary District receiving sanitary district water should neither be included in the district nor assessed for benefits received from amendment No. 1, is not sustained by sufficient evidence, and is contrary to law.”
*41 Following a remand to the board of appraisers for a reapportionment of total benefits of amendment No. 1 as between the city of Youngstown and the city of Niles, the district court overruled all exceptions to such reapportionment, approved the report of the board of appraisers and overruled the Ohio Water Service Company’s motion for a new trial.
Thereafter, the Ohio Water Service Company perfected an appeal to the Court of Appeals for Mahoning County, which court on July 27,1953, held that no appeal was available to the appellant, and that the court was without jurisdiction to hear the appeal, and thereupon dismissed the appeal.
An appeal by the Ohio Water Service Company resulted in the case of Ohio Water Service Co. v. Mahoning Valley Sanitary District (No. 33689), supra (161 Ohio St., 259). Paragraph four of the syllabus of that case reads as follows:
“Section 6602-65, General Code (Section 6115.36, Revised Code), provides that approval by a sanitary district court of the provisions of a report of a board of appraisers of a sanitary district, as modified and amended, makes the findings and appraisals comprising such report final and incontestable, and Section 6602-66, General Code (Section 6115.37, Revised Code), prohibits an appeal from any part of the decree of such court except an appeal for a jury trial from an award of compensation or damages, or both.”
It is apparent from the above recital that the relator herein, with considerable but not uncommendable vigor, litigated the issue of the duty of the board of appraisers to appraise the benefits from the district to real property within the city of Girard and to the city of Girard as a political entity. The conclusion, in our opinion, is inescapable that the doctrine of estoppel by judgment prevents a relitigation of that issue.
The demurrer to the answer is, therefore, overruled, and the writ of mandamus is denied.

Writ denied.

Wetgandt, C. J., Zimmerman, Stewart, Taet, Matthias and Herbert, JJ., concur.