Taft, J.
As indicated in the foregoing statement of the case, the wife, in the prior divorce proceeding, not only sought alimony from the husband but she also pleaded in her cross-petition and amended cross-petition the 1942 agreement to convey the Arbor Place property, and she asked the court to order the husband to specifically perform that agreement. In the instant case she pleads the same agreement and asks for the same relief.
Although the wife did amend her amended cross-petition in the divorce proceeding so as to withdraw “her prayer for divorce” she then at that time again prayed the court to grant her £ £ alimony and other relief. ’ ’
Prior to the 1951 revisions in our statutes relating to divorce and alimony, there might have been some question whether a court, in awarding alimony only on a wife’s cross-petition therefor, would have had any jurisdiction to specifically enforce an agreement by the husband to convey real estate. See Durham v. Durham, 104 Ohio St., 7,135 N. E., 280; Materazzo v. Materazzo, 139 Ohio St., 36, 37 N. E. (2d), 967; and Marleau v. Marleau, 95 Ohio St., 162, 115 N. E., 1009.
However, now a divorce court does have jurisdiction in an action for alimony only to enforce a valid agreement by a husband to convey certain real estate to his wife. See Clark, v. *355 Clark, 165 Ohio St., 457, 136 N. E. (2d), 52; Gage v. Gage, 165 Ohio St., 462, 136 N. E. (2d), 56; Dennison v. Dennison, 165 Ohio St., 146, 134 N. E. (2d), 574; and Arbogast v. Arbogast, 165 Ohio St., 459, 136 N. E. (2d), 54. Sections 3105.17 and 3105.18, Revised Code, make it abundantly clear that the court has the same power in awarding alimony in an action for alimony only that it has in an action for divorce and alimony. Cf. former Sections 11997 and 11998, General Code.
Section 3105.18, Revised Code, provides:
“The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.
“Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.”
In the instant case, it is difficult to see how the court, in allowing alimony to the wife in the prior divorce proceeding, could have given, as that statute requires, ‘ ‘ due regard to * * * - the value of real * " * estate of * * * [the husband and the wife] at the time of the decree” if it had not taken into account who owned and was to own the Arbor Place property.
This statute would seem to not only authorize but perhaps require the court to make an equitable determination and adjudication of just such a controversy as the pleadings indicate as having existed between this husband and wife when the court fixed the alimony to be allowed the wife.
It is argued that, if the rights to the Arbor Place property were in issue in the divorce action, they were decided against the husband when his petition was dismissed. However, the petition alleges nothing with respect to the 1942 agreement or the Arbor Place property. The issues with respect to that agreement and that property were raised by the allegations of the amended cross-petition and the opposing allegations of the husband’s answer to the latter. If the court, in the divorce proceeding, intended to leave any question open with respect to those issues, it expressed no intention to do so. It simply neglected to give the wife any order, such as that for which she *356 prayed, for specific performance of the alleged agreement to convey and thereby in effect determined that she was not entitled to such specific performance. If the court erred in that respect, the remedy of the wife was a direct attack on that judgment by an appeal therefrom, — not a collateral attack thereon by questioning its validity in the instant case.
The wife contends that the adjudication involved in the alimony decree is. not a bar to the relief that she seeks in the instant case because that adjudication has not been pleaded, and she cites in support of that contention Clark v. Baranowski, 111 Ohio St., 436, 145 N. E., 760; Meiss v. Gill, 44 Ohio St., 253, 258, 6 N. E., 656; and Lockwood v. Wildman, 13 Ohio, 430, 451.
In the present action, the second defense of the husband’s answer to the plaintiff’s petition in effect merely alleges that there was a decree of alimony in a specific case providing for payments of a certain amount per month by the husband to the wife, that at the hearing of that case the 1942 agreement was in evidence, and that the wife is now estopped from making any further claim under that agreement.
If we assume that these allegations would be insufficient to allege an adjudication in that divorce case of the wife’s right to the relief sought in the instant case, the fact remains that, after they were properly identified, the foregoing petition, answer and cross-petition, amended answer and cross-petition, answer to amended cross-petition, entry, and decrees in the divorce case were all admitted in evidence in the instant case without objection.
It may be that, if the wife had objected to the admission of such evidence as to the prior adjudication, the trial court might properly have sustained that objection. However, the only apparent purpose of the second defense was to call attention to the prior alimony decree as an adjudication estopping the wife from relitigating any claim under the 1942 agreement. Hence, the wife could not reasonably claim that she did not appreciate the purpose of offering evidence as to that adjudication. Under the circumstances, we believe that the failure of the wife to object to admission of such evidence constituted a waiver of any right she had to require a more adequate pleading of that adjudication as a bar by way of res judicata.
*357 In Massillon Savings & Loan Co. v. Imperial Finance Co., 114 Ohio St., 523, 151 N. E., 645, it is said in the opinion by-Jones, J., at page 531:
“No former adjudication was formally pleaded, but, upon the trial, evidence having been offered showing the illegal character of the transaction, the former adjudication was offered and testified to without objection on the part of the savings company. The ease then assumed the aspect of relevant and material testimony offered by the plaintiff, without any objection on the part of the defendant, tending to show that the feature of illegality had been adjudicated in favor of plaintiff in a prior case. Had the defendant objected, the plaintiff might have amended its reply, pleading res adjudícala. Since no objection was made to the evidence of former adjudication, we think the evidence offered on that issue may be considered by the trial and reviewing courts under the principle announced in Hoffman v. Gordon & Bro., 15 Ohio St., 211, 218, and Bacon v. Daniels, 37 Ohio St., 279.”
In Harris v. Wallace Mfg. Co., 84 Ohio St., 104, 95 N. E., 559, it is said in the opinion by Shauck, J., at page 107:
“Respecting the evidence tending to show the Wallace company’s disclaimer of interest in the later invention at the time of the purchase of its rights thereunder by the Harris company, counsel for the plaintiffs in error admit the general rule that when there is opportunity, the facts out of which an equitable estoppel is claimed to arise must be pleaded, and that in the present case they are not pleaded by the Harris company to which they would be availing but only by J. Harris to whom they would be unavailing because he has assigned his interest. But since in this state of the pleadings the evidence to establish an estoppel was admitted without objection, is it not entitled to be considered, notwithstanding the absence of such allegations as would make it competent?”
See also Larimore v. Wells, Admr., 29 Ohio St., 13, 17, annotation 120 A. L. R., 8, 87 et seq., 30A American Jurisprudence, 494, Section 441, 41 American Jurisprudence, 563, Section 394.
In view of our conclusion that the decree in the prior divorce action awarding alimony to the wife represents an adjudication that she is not entitled to specific performance of the 1942 *358 agreement to convey the Arbor Place property, the judgment of the Court of Appeals must be reversed and final judgment must be rendered for appellant. Hence, it is not necessary to discuss the other legal questions raised by appellant.

Judgment reversed.

Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.
Weygandt, C. J., dissents.