OPINION
Respondent-appellant John P. Genari appeals from a protective order entered against him upon the application of petitioner-appellee Elizabeth Genari. Mr. Genari contends that the trial court was without authority to hear the petition after Mrs. Genari's request for an ex parte order had been denied. Furthermore, although his brief is not clear on this point, Mr. Genari appears to be arguing that Mrs. Genari's claim for relief was barred by her failure, in a previous action, to have obtained relief upon the same claim.
We conclude that R.C. 3113.31(D)(3) expressly provides that a trial court "shall proceed" to grant a full hearing on a petition for a domestic violence protective order after the denial of an ex parte order. We further conclude that because Mr. Genari failed to assert, in the trial court, that Mrs. Genari's claim for relief was barred by res judicata, he waived that affirmative defense. Accordingly, the judgment of the trial court is Affirmed.
 I
The incident given rise to this litigation occurred on September 15, 2000. It appears that, during the course of a heated argument, Mrs. Genari was attempting to get her keys from a drawer in a small table located next to the bed, when Mr. Genari, recalling an incident several years earlier when Mrs. Genari had attempted to shoot him with a derringer that was now located in the drawer, attempted to stop her. Evidently, Mr. Genari slammed the drawer shut while Mrs. Genari's hand was partially inside, injuring Mrs. Genari's hand. Both parties testified, and gave somewhat differing accounts of the incident. We need not resolve these differences, because the issues raised in this appeal are entirely procedural and jurisdictional.
Mrs. Genari filed a petition for a domestic violence civil protection order on September 18, 2000. A full hearing was held on this petition on September 26, 2000, before a magistrate. Mrs. Genari appeared at this hearing pro se; Mr. Genari was represented by counsel. At the conclusion of the hearing, the magistrate determined that Mrs. Genari had not proven her claim. Although it was his strongly-worded suggestion to both parties that they stay away from each other, he entered a decision denying the petition, from which no objection was taken.
On October 5, 2000, Mr. Genari filed a petition for a domestic violence civil protection order. It is clear from the record that his claim for relief was based on the altercation occurring on September 15, 2000 — the same altercation that had precipitated Mrs. Genari's earlier petition. Mr. Genari did not request an ex parte order.
The next day, October 6, 2000, Mrs. Genari filed her petition for a domestic violence civil protection order, again based upon the altercation on September 15, 2000. She did request an ex parte order. In a decision and order filed October 11, 2000, the magistrate denied Mrs. Genari's petition, upon the ground that her claim for relief was based upon the same facts and circumstances that had supported her earlier petition, which had been denied. The last paragraph of the magistrate's decision and order of October 11, 2000, is worth setting forth in full:
 Petitioner alleged that she and her husband, respondent, were arguing and he slammed her fingers in a dresser drawer. She went to Urgent Care and was treated for swollen fingers. Petitioner had alleged these same facts and circumstance in a prior petition for a civil protection order. That being case number 00 DV 152. At the full hearing in that matter the civil protection order was denied. Petitioner did not allege in the hearing on the 6th any different facts or circumstances. Therefore, Petitioner's request for a civil protection order ex-parte is hereby denied. A full hearing on this matter will take place on the 24th day of October 2000 at 8:30 a.m. before the Honorable Judson L. Shattuck Jr.
(Emphasis in original).
The magistrate's decision and order of October 11, 2000, was approved and adopted by the trial judge.
There was an initial failure of service of Mrs. Genari's October 5th petition, and the trial was ultimately rescheduled for December 15, 2000. Both parties appeared, represented by counsel, at this hearing. The transcript of that hearing is in our record. It appears to us that both petitions — that is, both Mrs. Genari's petition and Mr. Genari's petition — were the subject of that hearing. Curiously, however, when counsel for each party made a brief argument at the close of the hearing, their arguments were framed in reference to Mr. Genari's petition for relief against Mrs. Genari. However, Mrs. Genari presented her evidence first at this hearing, and the transcript bears the case number of her petition. Finally, and most importantly, Mr. Genari does not dispute that the hearing on December 15, 2000, concerned Mrs. Genari's petition; to the contrary, he argues that that hearing did concern her petition, but that the trial court was without authority to hear her petition.
Following the hearing, the trial court entered protective orders against both parties. From the protection order entered against him, Mr. Genari appeals.
 II
Mr. Genari's sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN PROCEEDING WITH A FULL HEARING AFTER THE MAGISTRATE FAILED TO ISSUE AN EX-PARTE ORDER.
Mr. Genari cites R.C. 3113.31(D)(2)(a), which provides, in pertinent part, as follows:
 If the court, after an ex parte hearing, issues an order described in division (E)(1)(b) or (c) of this section [a domestic violence civil protective order], the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. If any other type of protection order that is authorized under division (E) of this section is issued by the court after an ex parte hearing, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. ***
Mr. Genari argues that because the trial court did not enter an ex parte protective order, R.C. 3113.31(D)(2)(a) does not apply, and the trial court was without authority to hold a full hearing on her petition. This ignores R.C. 3113.31(D)(3), which provides, in its entirety, as follows:
 If a person who files a petition pursuant to this section does not request an ex parte order, or if a person requests an ex parte order but the court does not issue an ex parte order after an ex parte hearing, the court shall proceed as in a normal civil action and grant a full hearing on the matter.
The statutory provision quoted above expressly contemplates the situation in the case before us; that is, where a petitioner for a domestic violence civil protection order has sought, but failed to obtain, an ex parte order. The statute expressly provides, in that case, that the trial court "shall proceed as in a normal civil action and grant a full hearing on the matter." Thus, when the trial court set a full hearing on Mrs. Genari's petition for a protection order, it was complying with the requirement of R.C. 3113.31(D)(3) that it do so.
Although Mr. Genari, in his brief, does not expressly raise the issue of res judicata, he does complain that Mrs. Genari "got not two, but three bites at the apple." In this connection, he refers to her earlier petition, which, following a full hearing, was decided adversely to her. Although this was a decision by a magistrate, Mr. Genari correctly notes that Mrs. Genari filed no objection to that decision.
We understand Mr. Genari, by raising the issue of the prior adjudication in his favor on Mrs. Genari's earlier petition, to be invoking the doctrine of res judicata, which bars the relitigation of a claim that has already been adjudicated. "The doctrine of res adjudicata is a branch of the law of estoppel [estoppel by judgment] and may be waived, and a failure or neglect to plead and prove a former adjudication constitutes a waiver." Clark v. Baranowski (1924), 111 Ohio St. 436, third paragraph of syllabus.
We cannot fault Mr. Genari for having failed to plead the defense of res judicata, because it appears from the record that he was never called upon to answer Mrs. Genari's petition with a responsive pleading. However, we have reviewed the entire record of the proceedings on Mrs. Genari's petition for a domestic violence civil protection order, including the transcript of the hearing on December 15, 2000, and we find nothing in the record to reflect that Mr. Genari ever argued to the trial court that the adjudication of Mrs. Genari's previous petition should bar the claim for relief set forth in her current petition. Mr. Genari's failure to make this argument in the trial court waived any res judicata defense he might have had.
Mr. Genari's sole assignment of error is overruled.
 III
Mr. Genari's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.